**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:    STEPHEN TODD WALKER,    :    Chapter 11
                                 :
                Debtor            :    Bky. No. 20-13557 ELF

# O R D E R

**AND NOW**, upon consideration of the Debtor's Motion (1) for Entry Of An Order Authorizing the Retention and Compensation Of Certain Professionals in the Ordinary Course and (2) for Expedited Consideration Thereof Pursuant to Local Bankruptcy Rule 5070-1(G) ("the Motion") (Doc. # 61), it is hereby **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**.[1]

Date:  November 13, 2020

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

[1]    An expedited hearing is unnecessary because I conclude, from the face of the Motion, that I will not grant the requested relief.

In the Motion, the Debtor represents that the automatic stay does not apply to some aspects of his pending state court divorce case, that, therefore, he needs representation in that case, that his current divorce attorney is seeking to withdraw from the case and that he wishes to engage new counsel who likely will require a retainer. He requests authority to retain new divorce counsel and "pay [the attorney's] reasonable fees and expenses" (which presumably, would include an initial retainer) in the ordinary course, without the necessity of filing applications for compensation generally required for professionals representing the bankruptcy estate.

While I recognize that some transparency to the process proposed by the Debtor would be achieved through the filing of monthly operating reports, I am unwilling to cede to the Debtor total authority to determine the reasonable compensation arrangement for obtaining counsel in what the Debtor himself describes as an "extremely contentious" divorce proceeding, in effect, granting the Debtor a "blank check" subject only to after-the-fact review.

To be clear, the Debtor may be able to obtain approval to pay new divorce counsel a retainer and to pay the attorney's monthly billings without complying with 11 U.S.C. §331 based on the arguments articulated in this Motion.  However, such relief may be granted only when the Debtor obtains and identifies new proposed divorce counsel and specifies the precise terms of the proposed financial arrangement.