United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  
Stephen Todd Walker  
    Debtor(s)

Case No. 20-13557-elf  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: Adminstra     Page 1 of 2  
Date Rcvd: Nov 13, 2020     Form ID: pdf900     Total Noticed: 10

The following symbols are used throughout this certificate:  
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 15, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Stephen Todd Walker, 611 Rose Lane, Bryn Mawr, PA 19010-3644 |
| aty | + | IRA A. GLAUBER, Dilworth Paxson, LLP, 99 Park Avenue, Suite 320, New York, NY 10016-1363 |
| aty | + | SMITH KANE HOLMAN LLC, 112 Moores Road Ste 300, Malvern, PA 19355-1002 |
| r | + | Damon Michels, Fox & Roach Realtors, 854 Montgomery Avenue, Narberth, PA 19072-1939 |
| cr | | John E. Schade, 1020 Rickerts Road, Hilltown, PA 18927 |
| NONE | | Marilyn E., 1020 Rickerts ROad, Hilltown, PA 18927 |
| cr | | Marilyn Schade, 1020 Rickerts Road, Hilltown, PA 18927 |
| cr | + | Noone & Borger, LLC, 32 South Church Street, West Chester, PA 19382-3221 |
| cr | + | Sidkoff, Pincus & Green, P.C., Sidkoff, Pincus & Green, P.C, 1101 Market Street, 27th Floor, Phila.,, PA 19107-2927 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion03.ph.ecf@usdoj.gov | Nov 14 2020 04:08:00 | United States Trustee, Office of United States Trustee, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106-2908 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.  
NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2020      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 13, 2020 at the address(es) listed below:

| District/off: 0313-2 | User: Adminstra | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Nov 13, 2020 | Form ID: pdf900 | Total Noticed: 10 |

| Name | Email Address |
|---|---|
| DAVE P. ADAMS | on behalf of U.S. Trustee United States Trustee dave.p.adams@usdoj.gov |
| DAVID B. SMITH | on behalf of Debtor Stephen Todd Walker dsmith@skhlaw.com b.dr70286@notify.bestcase.com |
| ERIK L. COCCIA | on behalf of Creditor Morgan Stanley Smith Barney LLC ecoccia@dilworthlaw.com |
| JEROME B. BLANK | on behalf of Creditor HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR SEQUOIA MORTGAGE TRUST 2007-2 paeb@fedphe.com |
| JOSHUA C. QUINTER | on behalf of Creditor John E. Schade jquinter@offitkurman.com tkerns@offitkurman.com |
| JOSHUA C. QUINTER | on behalf of Creditor Marilyn Schade jquinter@offitkurman.com tkerns@offitkurman.com |
| KARIN CORBETT | on behalf of Creditor John E. Schade kcorbett@offitkurman.com cballasy@offitkurman.com |
| KARIN CORBETT | on behalf of Marilyn E. kcorbett@offitkurman.com cballasy@offitkurman.com |
| LARRY M. KELLER | on behalf of Creditor Sidkoff Pincus & Green, P.C. lmk@sidkoffpincusgreen.com |
| MARIO J. HANYON | on behalf of Creditor BANK OF AMERICA N.A. mario.hanyon@brockandscott.com, wbecf@brockandscott.com |
| MATTHEW A. HAMERMESH | on behalf of Interested Party Dorothy Walker mhamermesh@hangley.com ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com |
| MATTHEW J. BORGER | on behalf of Creditor Noone & Borger LLC matt@nooneborger.com |
| REBECCA ANN SOLARZ | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| RICHARD E. FURTEK, CPA | rfurtek@furtekassociates.com |
| ROBERT M. GREENBAUM | on behalf of Debtor Stephen Todd Walker rgreenbaum@skhlaw.com rgreenbaum@skhlaw.com |
| YONIT A. CAPLOW | on behalf of Creditor Morgan Stanley Smith Barney LLC ycaplow@dilworthlaw.com, cchapman-tomlin@dilworthlaw.com,cct@dilworthlaw.com;mdolan@dilworthlaw.com |

TOTAL: 16

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:    STEPHEN TODD WALKER,    :    Chapter 11
                                  :
          Debtor                  :    Bky. No.  20-13557 ELF

# O R D E R

**AND NOW**, upon consideration of the Debtor's Motion (1) for Entry Of An Order Authorizing the Retention and Compensation Of Certain Professionals in the Ordinary Course and (2) for Expedited Consideration Thereof Pursuant to Local Bankruptcy Rule 5070-1(G) ("the Motion") (Doc. # 61), it is hereby **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**.[1]

Date:  November 13, 2020

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[1]    An expedited hearing is unnecessary because I conclude, from the face of the Motion, that I will not grant the requested relief.

In the Motion, the Debtor represents that the automatic stay does not apply to some aspects of his pending state court divorce case, that, therefore, he needs representation in that case, that his current divorce attorney is seeking to withdraw from the case and that he wishes to engage new counsel who likely will require a retainer. He requests authority to retain new divorce counsel and "pay [the attorney's] reasonable fees and expenses" (which presumably, would include an initial retainer) in the ordinary course, without the necessity of filing applications for compensation generally required for professionals representing the bankruptcy estate.

While I recognize that some transparency to the process proposed by the Debtor would be achieved through the filing of monthly operating reports, I am unwilling to cede to the Debtor total authority to determine the reasonable compensation arrangement for obtaining counsel in what the Debtor himself describes as an "extremely contentious" divorce proceeding, in effect, granting the Debtor a "blank check" subject only to after-the-fact review.

To be clear, the Debtor may be able to obtain approval to pay new divorce counsel a retainer and to pay the attorney's monthly billings without complying with 11 U.S.C. §331 based on the arguments articulated in this Motion.  However, such relief may be granted only when the Debtor obtains and identifies new proposed divorce counsel and specifies the precise terms of the proposed financial arrangement.