### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

### **INTERIM ORDER**

AND NOW, this **18th day of November, 2020**, upon consideration of the DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING THE DEBTOR TO: (1) (A) ENTER INTO COMPENSATION ARRANGEMENT INVOLVING FORGIVABLE POST-PETITION FINANCING PURSUANT TO SECTIONS 364 AND 363 OF THE BANKRUPTCY CODE, AND (B) ENTER INTO A PROMISSORY NOTE; AND (2) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(G) (the "Motion") (capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion), and the Court having considered the Motion and the exhibits attached thereto, including, without limitation, the Note; and based upon the Debtor's request to have this Court enter an interim order, the Court hereby enters the following interim relief:

1. **Motion Granted.** The Motion is granted on the terms and conditions set forth herein. Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits or, to the extent applicable, deferred until the hearing on the Final Order. This Interim Order shall become effective

immediately upon its entry.

2.  **Note.**  The Debtor is hereby (i) authorized to enter into the Note, and (ii) authorized to accept advances up to the aggregate principal amount of $800,000 in accordance with the terms and conditions of Note.  The Note shall constitute valid and binding obligations of the Debtor and Aegis Capital Corporation ("Aegis") and enforceable against them in accordance with its terms.

3.  **Post-Petition Loans.**  The Court approves, pursuant to Bankruptcy Code Section 364(b), advances made by Aegis to the Debtor as set forth in the Note, including, without limitation, the initial advance in the amount of $100,000.

4.  **Interim Borrowing.**  The Debtor is authorized to accept advances under the Note on an interim basis through and including the date of the Final Order.

5.  **Administrative Expense Claim**.  Aegis has an allowed administrative expense claim pursuant to Bankruptcy Code Sections 364(b) and 503(b)(1) to the extent of any such loan advance that is not forgiven pursuant to the terms of the Note.

6.  **Survival.**  The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered:  (a) confirming any plan of reorganization of the Chapter 11 Case; (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (c) dismissing the Chapter 11 Case or any successor case; or (d) pursuant to which this Court abstains from hearing any of the Chapter 11 Case or any successor case.

7.  **Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification of Stay of this Interim Order.**  Aegis has acted in good faith in connection

with this Interim Order and its reliance on this Interim Order is in good faith. In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Aegis is entitled to the protections provided in section 364(e) of the Bankruptcy Code. Any such modification, amendment or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or any claim or priority authorized or created hereby.

8. **Waiver of Any Applicable Stay.** Any applicable stay is hereby waived and shall not apply to this Interim Order.

9. **Domestic Support Obligations.** Promptly upon receipt of the initial loan advance from Aegis, the Debtor has agreed to remit payment in the amount of $18,000 to address arrearages owing pursuant to an Order dated September 15, 2020 entered in the matter of *Walker v. Walker, Montgomery County Court of Common Pleas, Domestic Relations Section, Dkt. No. 2019-DR-01341* and thereafter to continue to make payments consistent therewith. The Debtor is both authorized and directed to do so.

10. **Hearing.** A final hearing on the Motion shall be held telephonically using the Court's Teleconferencing Procedures for Outside Callers on **December 2, 2020 at 11:00 a.m.**

11. **Notice of Final Hearing.** The Debtor shall serve by United States mail, first class postage prepaid, a copy of this Interim Order on all parties who were served with the Motion **on or before November 20, 2020**. Any party in interest objecting to the entry of the Final Order shall file written objections with the Court **no later than December 1, 2020 at 2:00 p.m.**

- 3 -

_____
Eric L. Frank
United States Bankruptcy Judge

- 4 -