# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| STEPHEN TODD WALKER, | : |
| | : Case No. 20-13557(ELF) |
| *Debtor*. | : |

**LIMITED OBJECTION OF CREDITORS JOHN AND MARILYN SCHADE TO DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING THE DEBTOR TO (A) ENTER INTO COMPENSATION ARRANGEMENT INVOLVING FORGIVABLE POST-PETITION FINANCING PURSUANT TO SECTIONS 364 AND 363 OF THE BANKRUPTCY CODE AND (B) ENTER INTO A PROMISSORY NOTE**

John and Marilyn Schade (collectively, Schade), by and through their undersigned counsel, respectfully submit this limited objection to Debtor's Motion for Entry of a Final Order Authorizing the Debtor to (A) Enter into a Compensation Arrangement Involving Forgivable Post-Petition Financing Pursuant to Sections 364 and 363 of the Bankruptcy Code and (B) Enter into a Promissory Note (the "Motion") and in support thereof aver as follows:

1. Debtor's Motion requests that this Court enter an Order authorizing him to enter into a compensation arrangement involving forgivable post-petition financing and to enter into a promissory note.

2. Schade files this limited objection to the Motion because (1) the Debtor's Motion seek approval of a compensation arrangement that is not attached to the Motion or otherwise disclosed and (2) because the promissory note is an amended and revised note which does not appear to expressly void or supersede the prior note, which note has not been attached to the Motion or otherwise disclosed.

3. In asking this Court to approve the terms of a promissory note for the alleged benefit of the Estate, Debtor also asks this Court to approve of the underlying Agreement without

1

disclosing that Agreement. Certainly, the terms of the Agreement relate to and may impact the Promissory Note for which Debtor seeks approval.

4. Similarly, Debtor entered into a prior Promissory Note that is alleged to be Amended and Revised by the Promissory Note for which Debtor seeks approval. However, Debtor has not attached or provided the prior Promissory Note which may impact the terms of the Amended and Revised Promissory Note.

5. These objections were raised at the prior hearing regarding this Motion and Debtor could easily cure the objection by producing the prior note and compensation agreement but, curiously, declines to do so. This begs the question as to what terms are contained in those documents that gives reason to withhold the documents as part of the consideration for the relief sought.

6. While Schade supports the injection of funds into Debtor's Estate for the benefit of creditors, Schade requests this Court observe that it is being ask to approve of terms not fully disclosed.

WHEREFORE, John and Marilyn Schade respectfully request that this Bankruptcy Court enter the relief requested, taking note of this limited objection.[1]

Dated: December 1, 2020                **OFFIT KURMAN, P.A.**

*/s/ Karin Corbett*
Karin Corbett, Esquire
401 Plymouth Road, Suite 100
Plymouth Meeting, PA 19462
Telephone: (484) 531-1702
Facsimile: (484) 531-1735
Email: kcorbett@offitkurman.com
*Attorney for John and Marilyn Schade, Creditors*

---

[1] John and Marilyn Schade file this limited objection to strongly urge to Court to require production of and review the compensation agreement and prior promissory note and to carefully watch Debtor's use of funds.