United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-13557-elf |
| Stephen Todd Walker | Chapter 11 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Dec 02, 2020 | Form ID: pdf900 | Total Noticed: 10 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 04, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Stephen Todd Walker, 611 Rose Lane, Bryn Mawr, PA 19010-3644 |
| aty | + | IRA A. GLAUBER, Dilworth Paxson, LLP, 99 Park Avenue, Suite 320, New York, NY 10016-1363 |
| aty | + | SMITH KANE HOLMAN LLC, 112 Moores Road Ste 300, Malvern, PA 19355-1002 |
| r | + | Damon Michels, Fox & Roach Realtors, 854 Montgomery Avenue, Narberth, PA 19072-1939 |
| cr | | John E. Schade, 1020 Rickerts Road, Hilltown, PA 18927 |
| NONE | | Marilyn E., 1020 Rickerts ROad, Hilltown, PA 18927 |
| cr | | Marilyn Schade, 1020 Rickerts Road, Hilltown, PA 18927 |
| cr | + | Noone & Borger, LLC, 32 South Church Street, West Chester, PA 19382-3221 |
| cr | + | Sidkoff, Pincus & Green, P.C., Sidkoff, Pincus & Green, P.C, 1101 Market Street, 27th Floor, Phila.,, PA 19107-2927 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion03.ph.ecf@usdoj.gov | Dec 03 2020 05:32:00 | United States Trustee, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106-2908 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Dec 04, 2020 | Signature: | /s/Joseph Speetjens |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 2, 2020 at the address(es) listed below:

**Name**          **Email Address**

District/off: 0313-2 | User: Adminstra | Page 2 of 2
Date Rcvd: Dec 02, 2020 | Form ID: pdf900 | Total Noticed: 10

DAVE P. ADAMS
    on behalf of U.S. Trustee United States Trustee dave.p.adams@usdoj.gov

DAVID B. SMITH
    on behalf of Debtor Stephen Todd Walker dsmith@skhlaw.com b.dr70286@notify.bestcase.com

ERIK L. COCCIA
    on behalf of Creditor Morgan Stanley Smith Barney LLC ecoccia@dilworthlaw.com

JEROME B. BLANK
    on behalf of Creditor HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR SEQUOIA MORTGAGE TRUST 2007-2 paeb@fedphe.com

JOSHUA C. QUINTER
    on behalf of Creditor John E. Schade jquinter@offitkurman.com tkerns@offitkurman.com

JOSHUA C. QUINTER
    on behalf of Creditor Marilyn Schade jquinter@offitkurman.com tkerns@offitkurman.com

KARIN CORBETT
    on behalf of Creditor Marilyn Schade kcorbett@offitkurman.com cballasy@offitkurman.com

KARIN CORBETT
    on behalf of Creditor John E. Schade kcorbett@offitkurman.com cballasy@offitkurman.com

KARIN CORBETT
    on behalf of Marilyn E. kcorbett@offitkurman.com cballasy@offitkurman.com

LARRY M. KELLER
    on behalf of Creditor Sidkoff Pincus & Green, P.C. lmk@sidkoffpincusgreen.com

MARIO J. HANYON
    on behalf of Creditor BANK OF AMERICA N.A. mario.hanyon@brockandscott.com, wbecf@brockandscott.com

MATTHEW A. HAMERMESH
    on behalf of Interested Party Dorothy Walker mhamermesh@hangley.com ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com

MATTHEW J. BORGER
    on behalf of Creditor Noone & Borger LLC matt@nooneborger.com

REBECCA ANN SOLARZ
    on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com

RICHARD E. FURTEK, CPA
    rfurtek@furtekassociates.com

ROBERT M. GREENBAUM
    on behalf of Debtor Stephen Todd Walker rgreenbaum@skhlaw.com rgreenbaum@skhlaw.com

YONIT A. CAPLOW
    on behalf of Creditor Morgan Stanley Smith Barney LLC ycaplow@dilworthlaw.com, cchapman-tomlin@dilworthlaw.com,cct@dilworthlaw.com;mdolan@dilworthlaw.com

TOTAL: 17

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| STEPHEN TODD WALKER | Case No. 20-13557 (ELF) |
| Debtor. | |

## FINAL ORDER

AND NOW, this __2nd__ day of __December__, 2020, upon consideration of the DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING THE DEBTOR TO: (1) (A) ENTER INTO COMPENSATION ARRANGEMENT INVOLVING FORGIVABLE POST-PETITION FINANCING PURSUANT TO SECTIONS 364 AND 363 OF THE BANKRUPTCY CODE, AND (B) ENTER INTO A PROMISSORY NOTE, AND (2) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(G) (the "Motion") (capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion), and the Court having considered the Motion and the exhibits attached thereto, including, without limitation, the Note; and a Final Hearing having been held and concluded; and upon all of the pleadings filed with the Court, all evidence presented in support of this Final Order, and all of the proceedings held before the Court; and after due deliberation and consideration and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS:

    A.    On September 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B. The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Given the nature of the relief sought in the Motion and the Debtor's certification regarding the manner of service, the Court concludes that the foregoing notice was sufficient and adequate under the circumstances and complies with Bankruptcy Rules 2002 and 4001 in all respects for purposes of entering this Final Order.

E. The Debtor has requested that, Aegis Capital Corp. ("Aegis") have an allowed administrative expense claim pursuant to Bankruptcy Code Sections 364(b) and 503(b)(1) to the extent any advances made pursuant to the Note are not otherwise forgiven by Aegis as set forth in the Note.

F. The financing sought by the Debtor is a compensation tool, which will benefit the Debtor and his estate, and the Debtor will suffer harm if the requested Loan is not available on a final basis.

G. The Debtor's entry into the Note is fair and reasonable and is a sound exercise of his business judgment consistent with his fiduciary duties. The Note was negotiated at arm's length and in good faith between the Debtor and Aegis, and the Loan provided for in the Note constitutes reasonably equivalent value and fair consideration. Accordingly, the relief requested in the Motion is necessary, essential, and appropriate for

the success of the Debtor's reorganization, and to avoid irreparable harm to the Debtor, his estate, and parties in interest and is therefore in the best interests of the Debtor and his estate, creditors, and parties in interest.

    H. Based on the record before the Court for this Final Hearing, the terms of the Note, advances will be made or provided to the Debtor by Aegis, in each case have been negotiated at arm's length and in "good faith," as that term is used in section 364(e) of the Bankruptcy Code, and is in the best interests of the Debtor and his estates, creditors, and parties in interest. Aegis has acted in good faith in connection with this Final Order and its reliance on this Final Order is in good faith. Aegis is extending the Loan to the Debtor in good faith and is entitled to the benefits of the provisions of section 364(e) of the Bankruptcy Code.

    I. It is in the best interests of the Debtor's estate that he be allowed to be compensated under the terms and conditions set forth herein and in the Note. The relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor's estate, and good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein, and the entry of this Final Order pursuant to Bankruptcy Rule 4001(c),

    NOW, THEREFORE, IT IS HEREBY ORDERED:

    1. <u>Motion Granted</u>. The Motion is granted on the terms and conditions set forth herein. Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits. This Final Order shall become effective immediately upon its entry and to the extent of any inconsistency between the Note and this Final Order, this Final Order shall govern.

2. <u>Administrative Expense Claim.</u> Aegis has an allowed administrative expense claim pursuant to Bankruptcy Code Sections 364(b) and 503(b)(1) to the extent of all advances under the Loan that are not forgiven pursuant to the terms of the Note.

3. <u>Note.</u> The Debtor is, on a final basis, hereby (i) authorized to enter into the Note, substantially in the form filed with the Court as Exhibit A to the Motion as modified by this Final Order, and (ii) authorized to borrow up to the aggregate principal amount of $800,000 in accordance with the terms and conditions of the Note.

4. <u>Binding Effect.</u> Upon execution and delivery of the Note, the Note shall constitute valid and binding obligations of the Debtor, enforceable against the Debtor in accordance with its terms.

5. <u>Survival.</u> The provisions of this Final Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of reorganization in any of the Chapter 11 Case (and pursuant to section 1141(d) of the Bankruptcy Code, the Debtor hereby waives such discharge); (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (c) dismissing the Chapter 11 Case or any successor case; or (d) pursuant to which this Court abstains from hearing any of the Chapter 11 Case or any successor case. The terms and provisions of this Final Order, including the claims and other protections granted to Aegis pursuant to this Final Order and/or the Note, notwithstanding the entry of any such order, shall continue in the Chapter 11 Case, in any successor case, or following dismissal of the Chapter 11 Case or any successor case, and shall maintain their priority as provided by this Final Order.

6. <u>Successor and Assigns.</u> The provisions of this Final Order shall be binding

upon and inure to the benefit of each of Aegis and the Debtor and their respective successors and assigns (including any trustee or fiduciary hereafter appointed or elected as a legal representative of the Debtor, his estate, or with respect to the property of any of its estate) whether in the Chapter 11 Case, in any successor case, or upon dismissal of any such chapter 11 or chapter 7 case.

7. <u>Additional Assurances</u>. The Debtor is authorized and directed to do and perform all acts to make, execute and deliver all instruments and documents.

8. <u>Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification of Stay of this Final Order.</u> Aegis has acted in good faith in connection with this Final Order and its reliance on this Final Order is in good faith. Based on the findings set forth in this Final Order and the record made during the hearing on the Final Order, in accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Final Order are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Aegis is entitled to the protections provided in section 364(e) of the Bankruptcy Code. Any such modification, amendment or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or any claim or priority authorized or created hereby. Any claims or priorities granted to Aegis hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Final Order shall be governed in all respects by the original provisions of this Final Order, including entitlement to all rights, remedies, privileges and benefits granted herein.

9. <u>Waiver of Any Applicable Stay</u>. Any applicable stay is hereby waived and

shall not apply to this Final Order.

10. <u>Findings of Fact and Conclusion of Law.</u> This Final Order shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules and shall take effect and be fully enforceable immediately upon execution hereof.

_____
Eric L. Frank
United States Bankruptcy Judge