# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Stephen Todd Walker,** | **Case No. 20-13557 ELF** |
| **Debtor.** | |

## LIMITED OBJECTION OF DOROTHY WALKER TO DEBTOR'S SALE MOTION AND JOINDER IN LIMITED OBJECTION OF CREDITORS JOHN AND MARILYN SCHADE TO SAME

Dorothy Schade Walker ("Dorothy"), a creditor and party-in-interest in the above-captioned case, hereby submits this limited objection to the Debtor's combined motion to approve asset sale agreement and authorize the sale of the Debtor's Gladwyne property free and clear of liens, among other things, filed on December 1, 2020 (ECF 83, the "Sale Motion"), and joining in the Limited Objection of Creditors John and Marilyn Schade to the Sale Motion (ECF 97). In support thereof, Dorothy states as follows:

1. Dorothy supports the sale of the Gladwyne Property in order to obtain funds for the benefit of the Debtor's estate and creditors.

2. Dorothy and the Debtor married on April 13, 2002. Dorothy filed a Complaint in Divorce in the Court of Common Pleas of Montgomery County on August 1, 2019.

3. As set forth in the proof of claim Dorothy filed in this case on November 23, 2020 (POC No. 17), Dorothy contends that the Debtor owes her in excess of $1 million, some or all of which are domestic support obligations that are entitled to priority under Section 507(a)(1)(A) of the Bankruptcy Code, 11 U.S.C. § 507(a)(1)(A).

4. The Sale Motion recognizes that domestic support obligations may be "required to be paid in connection with the sale." (ECF 83, Sale Motion ¶ 13.)

5. The Sale Motion does not identify the amount of domestic support obligations owed and the extent to which they are required to be paid in connection with the sale.

6. Dorothy objects to the Sale Motion and the proposed order solely to the extent they do not clearly provide for payment of all outstanding domestic support obligations.

7. Any order granting the Sale Motion should require payment in full of all domestic support obligations, or else provide for escrow of an amount of the sale proceeds sufficient to pay all of the Debtor's domestic support obligations.

8. Dorothy joins in the Limited Objection of Creditors John and Marilyn Schade to the Sale Motion to the extent it seeks to require the Debtor to escrow sufficient funds to satisfy any secured or priority claims that the Debtor does not concede should be paid in full out of the proceeds of the sale.

WHEREFORE, Dorothy Walker respectfully requests that this Court require that any order granting the Sale Motion provide that all domestic support obligations be paid in full, or provide for an escrow of sufficient proceeds of the sale to pay all domestic support obligations.

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: December 16, 2020

By:  */s/ Matthew A. Hamermesh*
Matthew A. Hamermesh
One Logan Square, 27th Floor
Philadelphia, PA 19103
T: (215) 568-6200
F: (215) 568-0300
E: mhamermesh@hangley.com

*Counsel for Interested party Dorothy Walker*