UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: : | CHAPTER 11 |
| STEPHEN TODD WALKER, : | |
| : | Case No. 20-13557 (ELF) |
| Debtor. : | |

**REPLY TO DEBTOR'S SALE MOTION DATED DECEMBER 1, 2020, Dkt. No. 83**

Petitioner Morgan Stanley Smith Barney LLC ( "Morgan Stanley") respectfully submits this Reply in further support of its joinder to Debtor's Sale Motion dated December 1, 2020, Dkt. No. 83 (the "Joinder") and in response to the Limited Objection of Creditors John and Marilyn Schade (collectively, "Schade") to Debtor's Sale Motion, Dkt. No. 98 (the "Schade's Limited Objection"), and the Limited Objection of Dorothy Shade Walker to Debtor's Sale Motion, Dkt. No. 97 (the "Walker Limited Objection," and collectively, the "Limited Objections"), and in reply thereof Morgan Stanley states as follows:

**Avoidance of the Schade's So-Called Equitable Mortgage**

1. Morgan Stanley supports the sale of the Gladwyne Property.[1]

2. Contrary to the Schade's Limited Objection, the net proceeds from the sale of the Gladwyne Property should not be escrowed because there is no dispute as to the distribution priority from the proceeds.

3. There is no question that Morgan Stanley has a perfected judgment lien in the

---

[1] All terms not defined herein are ascribed the meaning given to them in Debtor's Joinder filed on December 15, 2020, Dkt. No. 95, or the Limited Objections.

122057614_1

Gladwyne Property, which judgment lien was perfected on July 31, 2018. *See* Joinder ¶ 4, Ex. C.

4.     Even if Schade has an equitable mortgage (which Morgan Stanley contests, but is irrelevant to the issue at hand), this equitable mortgage was – by the Schade's own admission – unperfected until the May 21, 2020 filing of the Schade's *Lis Pendens,* which was almost two years after Morgan Stanley's judgment lien was perfected.[2] *See* Schade's Limited Objection ¶ 31 ("Schade's lien claim is perfected because an equitable mortgage is deemed as such upon filing of the *Lis Pendens*, which occurred pre-petition and outside the preference period."); ¶ 34 ("Here, the filing of the *Lis Pendens* provides constructive notice . . . of the equitable lien"); ¶ 36 ("Schade has perfected that lien upon the filing of its *Lis Pendens*").

5.     It is beyond dispute that perfected security interests are entitled to priority over unperfected, unrecorded equitable security interests. *See, e.g.*, *In re Trosky*, 371 B.R. 701, 705 (Bankr. M.D. Pa. 2006) (citing 42 Pa. Stat. and Cons. Stat. Ann. § 8141 (West)) (holding that two banks with perfected security interests in a property had priority over an equitable security interest of a third bank, which equitable security interest came into place even prior to the perfection by the two banks); *In re Mayfair Const. Co.*, 170 F. Supp. 657, 658 (D.N.J. 1959) (three mortgagees who recorded their mortgages without notice of the claimant's alleged equitable lien had priority over the alleged equitable lien); *In re Fortescue*, 122 F. Supp. 883,

---

[2] Schade misrepresents the August 28, 2020 Order of the Court of Common Pleas of Montgomery County, Pennsylvania, upholding the *Lis Pendens*. *See* Schade Limited Objection, Exhibit 7. There has not been a determination yet in that case as to whether Schade has a valid equitable mortgage. Rather, the state court denied Debtor's request to strike the *Lis Pendens* simply because fact issues exist about the validity of the equitable mortgage, and it would be inappropriate for the court to make factual findings on a pre-answer motion to strike.

884 (E.D. Pa. 1954) ("the mere existence of an unrecorded purchase money mortgage obviously would have created no lien upon the property as against creditors or subsequent mortgagees or purchasers, without actual notice of the mortgage"). *See also In re Novak*, 354 B.R. 611, 619 (Bankr. E.D.N.Y. 2006) (recorded judgment lien has priority over unrecorded equitable lien).

6. This is because "[t]he purpose of the recording statutes is to put prospective creditors on alert that the property may already be encumbered," and subsequent creditors are not on notice about unrecorded equitable liens. *In re Trosky*, *supra*, 371 B.R. at 705 (citation omitted); *see also In re Mayfair Const. Co.*, *supra*, 170 F. Supp. at 658 ("In our Circuit, it was held that where an assignment which formed the basis of an equitable lien was not recorded, it was unenforceable against a transferee for value without notice").

7. Pursuant to the above-cited black letter law, Morgan Stanley is entitled to recover the net proceeds from the sale of the Gladwyne Property because its judgment lien was perfected about two years before Shade perfected their "equitable mortgage." In addition, there is no reason whatsoever for the proceeds to be escrowed because there is no dispute about the perfection dates, and therefore there is no need to litigate Morgan Stanley's unquestioned priority over the Shade's "equitable mortgage" claim.

8. The Schade Objection does not refute this point in any way, and does not cite a single case that holds otherwise (because no such case exists). Further, Schade filed an adversary proceeding seeking a declaration that the debt that Walker allegedly owes to them is nondischargeable. *See* Adv. Proc. No. 20-00280. This shows that Shade knows that their unperfected "equitable mortgage" cannot take over priority over Morgan Stanley's prior filed secured judgment lien.

9. The case law in the Schade's Limited Objection has no impact on this

conclusion.[3] Morgan Stanley's perfected lien, which lien was perfected on July 31, 2018, takes priority over the Schade's lien, which, even if it were a valid equitable mortgage (which Morgan Stanley disputes), was perfected, at the earliest, on May 21, 2020, by the Schade's own admission. This analysis does not change regardless of whether or not Schade has an equitable mortgage, whether or not an equitable mortgage constitutes a judicial lien, whether or not the equitable mortgage dates back to the date of the Loaned Funds, whether or not the equitable mortgage may be avoided by the Trustee, and whether or not valid, perfected liens pass through the bankruptcy unaffected. *See* Schade's Limited Objection ¶¶ 26, 28, 29, 32-34, *citing* case law. The only thing that counts is the date of perfection.

10. Here, there is no question that Morgan Stanley's properly recorded judgment lien filed on July 31, 2018 has priority over the Schade's alleged "equitable mortgage" evidenced by the May 21, 2020 lis pendens. Moreover, there is no equity in the Gladwyne Property for Schade to recover on their alleged equitable mortgage after payment of the prior liens. Accordingly, the Debtor's Motion to avoid the Schade's alleged equitable mortgage and lis pendens, and to authorize the sale of the Gladwyne property free and clear of the Schade's purported lien, should be granted.

### Limited Objection of Dorothy Walker

11. With respect to the Limited Objection of Dorothy Shade Walker (the Debtor's wife, who has domestic support claims against him), she unquestionably is an unsecured creditor,

---

[3] The cases cited by Shade simply hold that an equitable mortgage may arise without a signed mortgage. *See Kern v Kern*, 892 A.2d 1, 8 (Pa. Super. 2005). However, as held in the main case cited by Shade, *In re Turetsky*, 402 B.R. 663, 665-666 (Bankr. W.D.Pa. 2009), "the perfection of [the] equitable mortgage is deemed to relate back to the date of the *lis pendens*."

as indicated by her own proof of claim, filed on November 23, 2020. *See* Claim 17-1 (at page 2). While Dorothy Walker may be entitled to priority for some of her domestic support claim against the Debtor pursuant to section 507(a)(1)(A) of the Bankruptcy Code, this section only governs the priority of unsecured claims. Because Morgan Stanley unquestionably is a secured creditor, it is entitled to recover the net proceeds from sale of the Gladwyne Property over the unsecured claims of Dorothy Walker. *See, e.g.*, *In re Perez*, 339 B.R. 385, 408 (Bankr. S.D. Tex. 2006), *aff'd sub nom. Perez v. Peake*, 373 B.R. 468 (S.D. Tex. 2007) ("secured claims may be said to have 'priority' over all unsecured claims"); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 5 (2000) ("Administrative expenses, however, do not have priority over secured claims").

12.     Further, even if Dorothy Walker were entitled to a secured claim against the Debtor's Gladwyne Property, pursuant to 23 Pa.C.S. 4352(d.1)(1), the earliest date of that security interest would be the date of the filing of the divorce complaint on August 1, 2019. 23 Pa.C.S. 4352(d.1)(1)[4]; *see* Claim 17-1. This was over a year after Morgan Stanley perfected its

---

[4] 23 Pa.C.S. 4352(d.1)(1) provides as follows:
  (1) Overdue support shall be a lien on real estate within the county in which the overdue support is on record at the county domestic relations section if:
    (i) the underlying support action is pending in the county domestic relations section or is being enforced by the county domestic relations section;
    (ii) notice of the existence of the support action is available to the public through a docket book or automated means; and
    (iii) the county domestic relations section is able to determine the amount of overdue support by reference to its records and is able to provide the amount of the overdue support upon request.
  (2) The priority and amount of a lien for overdue support shall be determined as follows:
    (i) The date of the lien for purposes of determining priority shall be determined separately for each unpaid overdue support payment. The date shall be the later of:
      (A) the date the obligor obtains a real property interest which may be subject to a lien;

security interest in the Gladwyne Property. Therefore, there is no question that Morgan Stanley is entitled to the net proceeds from the sale of the Gladwyne Property.[5]

11. Finally, the Debtor's Plan provides that Dorothy Walker's priority claim will be paid in full under the Plan, and therefore she will not be harmed by the distribution of the net proceeds from the sale of the Gladwyne Property to Morgan Stanley. *See* Dkt. No. 72.

WHEREFORE, Morgan Stanley respectfully requests that the Court determine that both Schade and Dorothy Walker are entirely unsecured with respect to the Gladwyne Property, and enter the Order attached to the Debtor's Motion.

Dated: December 22, 2020

*/s/ Ira N. Glauber*
**DILWORTH PAXSON LLP**
Ira N. Glauber
Yonit A. Caplow
99 Park Avenue, Suite 320
New York, New York 10016
(917) 675-4252
*Attorneys for Morgan Stanley Smith Barney LLC*

---

(B) the date the overdue support becomes a lien under paragraph (1); or
(C) January 1, 1998.

[5] Morgan Stanley also objects to Dorothy Walker's request to escrow the net proceeds. Because it is clear that Morgan Stanley is entitled to the net proceeds from sale of the Gladwyne Property ahead of Dorothy Walker, there is no justification or need to escrow the funds.