UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | Bankruptcy 20-13557-elf |
| STEPHEN TODD WALKER, | Chapter 11 |
| Debtor. | Related to Doc. No. 72 |
| GOLDMAN SACHS MORTGAGE COMPANY, | |
| Objecting Party | |
| v. | |
| STEPHEN TODD WALKER, | |
| Respondent. | |

## **OBJECTION TO CONFIRMATION OF DEBTOR'S SMALL BUSINESS SUB CHAPTER V CHAPTER 11 PLAN**

**COMES NOW**, GOLDMAN SACHS MORTGAGE COMPANY ("Secured Creditor"), by and through its undersigned attorney, hereby objects to Debtor's Small Business Subchapter V Chapter 11 Plan (DE# 72) and states as follows:

1. Debtor, Stephen Todd Walker ("Debtor"), filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on September 01, 2020.

2. Secured Creditor holds a security interest in the Debtor's real property located at 1150 Youngsford Rd., Gladwyne, PA 19035 (the "Property"), by virtue of a Mortgage recorded on July 31, 2007 under Instrument Number 2007091840 of the Montgomery County, PA. Said Mortgage secures a Note in the amount of $400,000.00.

3. On or about September 3, 2017, the Debtor entered into a Loan Modification Agreement (the "Loan Modification") with respect to the Note and Mortgage. The Loan

Modification provided for New Principal Balance of $347,072.97, of which is interest bearing at 4.00%.

4. Secured Creditor filed Proof of Claim of 7-1 on October 14, 2020, asserting a total claim of $329,805.64, with pre-petition arrearages in the amount of $1,296.49.

5. On November 25, 2020, Debtor filed a Small Business Subchapter V Chapter 11 Plan (the "Plan").

6. The Plan seeks to modify Secured Creditor's right by proposing the following treatment: The holder of the Class 2E Secured Claim will be paid in sale of the Property either pursuant to confirmed Plan or if not sooner.

7. The treatment of Secured Creditor Class 2E is vague, only providing one (1) option without specific repayment amount nor treatment of Secured Creditor. Secured Creditor requests that the Debtor provide adequate information regarding Secured Creditor's treatment.

8. The Plan fail to provide adequate information within meaning of 11 USC 1125(a)(1) to allow Secured Creditor the opportunity to understand the proposed treatment of its claim in the Plan.

9. Secured Creditor objects to any sale that is less than the amount sufficient to satisfy its lien in full. Secured Creditor reserves the right to provide an updated payoff prior to any closing of sale.

10. The Plan does not reference any anticipated or existing broker listing agreement, any estimation of current value, any marketing history, or comparable sale which would allow Secured Creditor the opportunity to determine if any said sale would result in an anticipated payoff of the lien.

11. The Plan does not provide a repayment of the Class 2E claim.  Secured Creditor requests that the Plan provide repayment terms for Secured Creditor's claim, in the event that the sale of the Property fails.

12. Secured Creditor further contends that the interest rate should be subject to interest pursuant to the Supreme Court's decision in <u>Till v. SCS Credit Corp.</u>, 124 S. Ct. 1951 (2004).

13. The Plan fails to provide any information on the outstanding arrearage owed to Secured Creditor.

14. The Plan fails to acknowledge any advances that Secured Creditor has advanced for taxes and insurance with respect to the Property.  Secured Creditor requests the Plan to provide for repayment of any advances made by Secured Creditor.

15. The Plan fails to provide maintenance of property insurance and timely payment of property taxes.  The Plan should specify whether Debtor intends to maintain property insurance and tax payments directly or through establishment of an escrow account with Secured Creditor.

16. The Plan fails to define what occurs upon a default of plan terms.  Secured Creditor requests that upon default, Secured Creditor may provide ten (10) day notice and if Debtor fails to cure the default with ten (10) days, for relief from stay be granted for Secured Creditor to proceed to exercise its State rights per the unaltered term of the original Note and Mortgage.

17. This objection constitutes rejection or non-acceptance of Debtor's Plan pursuant to 11 U.S.C. §1126(a).

18. Secured Creditor reserves the right to amend and/or supplement this objection as needed and/or in response to any additional filings by the Debtor.

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC.

By: /s/ Charles G. Wohlrab
    Charles Wohlrab, Esquire
    PA Bar No. 314532
    425 Commerce Drive, Suite 150
    Fort Washington, PA  19034
    Telephone: 973-575-0707
    Facsimile: 973-404-8886
    cwohlrab@rascrane.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| In re: | Bankruptcy 20-13557-elf |
|---|---|
| STEPHEN TODD WALKER, | Chapter 11 |
| Debtor. | Related to Doc. No. 72 |
| GOLDMAN SACHS MORTGAGE COMPANY, | |
| Objecting Party | |
| v. | |
| STEPHEN TODD WALKER, | |
| Respondent. | |

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 22, 2021, the foregoing Objection to Confirmation of Debtor's Chapter 11 Plan Small Business Subchapter V was electronically filed with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

By First-Class Mail:

Stephen Todd Walker
611 Rose Lane
Bryn Mawr, PA 19010

Robert M. Greenbaum
Smith Kane
112 Moores Road, Suite 300
Malvern, PA 19355

Richard E. Furtek, Cpa
Furtek & Associates, Llc.
Subchapter V Trustee
101 Lindenwood Drive, Suite 225
Malvern, Pa 19355

United States Trustee
Office of United States Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106

Dave P. Adams
United States Trustee
200 Chestnut Street
Suite 502
Philadelphia, Pa 19106

                          By: /s/ Charles G. Wohlrab
                              Charles Wohlrab, Esquire
                              PA Bar No. 314532
                              425 Commerce Drive, Suite 150
                              Fort Washington, PA  19034
                              Telephone: 973-575-0707
                              Facsimile: 973-404-8886
                              cwohlrab@rascrane.com