## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| STEPHEN TODD WALKER, | : | |
| | : | Case No. 20-13557 (ELF) |
| | : | |
| Debtor. | : | |
| | : | |

### DEBTOR'S PRETRIAL DISCLOSURES FOR PLAN CONFIRMATION HEARING

In compliance with this Court's Order Governing Procedures for Evidentiary Hearing

Conducted Remotely By Video Conference (*Dkt. No. 121*), Stephen Todd Walker, the debtor-in-

possession ("Debtor"), by and through his counsel, Smith Kane Holman, LLC, makes the

following Pretrial Disclosures:

*Agenda*

In response to four timely objections and one untimely objection to the Debtor's Plan of

Reorganization dated November 25, 2020 (the "Original Plan"), the Debtor will be filing an

Amended Plan of Reorganization (the "Amended Plan") (in both redline and clean formats)

along with updated and amended cash flow projections.  Given the contents of the Amended Plan

and the updated cash flow projections, the Debtor believes that the following is an accurate

summary of the status of the objections:

1.    PNC Bank, N.A. – resolved

2.    Dorothy Schade Walker – resolved

3.    Pennsylvania Department of Revenue – resolved subject to review and approval

of updated cash flow projections

4.    Goldman Sachs Mortgage Company – this objection was filed on January 22,

2021 well past the January 8, 2021 deadline scheduled by this Court.  Nevertheless, the Objector

has a mortgage lien on the "Gladwyne Property," and the Original Plan and Amended Plan

provide for the payment in full of the claim upon the sale of the Gladwyne Property. Because

the Debtor anticipated that the Gladwyne Property would be sold prior to plan confirmation and

because the relevant disclosures pertaining to the Gladwyne Property were set forth in the

Debtor's motion to sell the property, the Original Plan did not provide as much detail about the

property or the expected the sale as it would have if the Gladwyne Property was being sold

pursuant to the Original Plan, not pursuant to a sale motion. Accordingly, and in spite of the

untimeliness of the objection, the Debtor believes that the Amended Plan addresses the concerns

raised in the objection.

     5.     John and Marilyn Schade – The Schades raise five objections and then include a

sixth objection by incorporating the objections of the Pennsylvania Department of Revenue as

follows:

     a.     The term of the plan should be five, not three, years – unresolved

     b.     Failure to account for the Schades' alleged equitable lien on the Gladwyne

Property – the Debtor believes that the Amended Plan addresses and resolves this objection

     c.     The priority of the Schades' alleged secured claim – the Debtor believes

that the Amended Plan addresses and resolves this objection

     d.     The Bryn Mawr Property should be sold – unresolved

     e.     Inadequacy of the following disclosures: (1) history of Debtor's business

operations; (b) liquidation analysis; and (c) projections – unresolved

     f.     Pennsylvania Department of Revenue Objections (which since have been

resolved by the Debtor):

     (1)     The Debtor is not a "small business" – unresolved

     (2)     Default remedies – the Debtor believes that this has been addressed

                pursuant to the Amended Plan.

     (3)     Liquidation analysis is incomplete and inadequate - unresolved

(4) Income projections are inadequate – unresolved

(5) Plan is not feasible – unresolved

(6) Plan does not meet good faith requirement - unresolved

### *Remote Witness List*

1. Witness #1 (for expedience and efficiency, counsel will request to make an offer of proof in support of confirmation of the Debtor's Amended Plan with an ability of objecting parties to examine the Debtor)

   a. Name and Title: Stephen Todd Walker, debtor-in-possession

   b. Summary of Anticipated Testimony: the Debtor will be prepared to testify in support of plan confirmation generally and specifically as to any specific objections being advanced by the Schades

   c. E-mail address: wealthdevil@gmail.com

   d. Location of Witness: Bryn Mawr, PA

   e. Place of Testimony: Home

   f. Any other person with witness: None

   g. Access to other documents: None

### *List of Exhibits*

1. Debtor's Schedules and Statement of Financial Affairs

2. Debtor's Plan of Reorganization for Small Business Under Chapter 11 dated November 25, 2020 (the "Original Plan")

3. Debtor's Liquidation Analysis (Exhibit A to Original Plan)

4. Debtor's Cash Flow Projections (Exhibit B to Original Plan)

5. Debtor's Report of Plan Voting

6. Debtor's First Amended Plan of Reorganization for Small Business Under Chapter 11 (the "Amended Plan") – ***Debtor's amended plan has not yet been finalized and therefore not filed; accordingly, it will be served on all parties once completed.***

7.    Debtor's Amended Cash Flow Projections (Exhibit B to Amended Plan) –

***Debtor's amended cash flow projections have not yet been finalized and therefore not filed;***

***accordingly, they will be served on all parties once completed.***

8.    Summary of Debtor's liabilities as of Petition Date

9.    Summary of claims to be paid pursuant to Amended Plan


SMITH KANE HOLMAN, LLC


Dated: January 25, 2021                By: */s/ David B. Smith*
                                       David B. Smith, Esquire
                                       112 Moores Road, Suite 300
                                       Malvern, PA 19355
                                       (610) 407-7216 Phone
                                       (610) 407-7218 Fax

                                       Counsel to Debtor-In-Possession

# EXHIBIT 1

**Fill in this information to identify your case:**

Debtor 1     **Stephen Todd Walker**
             First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)     First Name          Middle Name          Last Name

United States Bankruptcy Court for the:     EASTERN DISTRICT OF PENNSYLVANIA

Case number     20-13557
(if known)

☐ Check if this is an
   amended filing

# Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file
your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

|  |  | Your assets Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) 1a. Copy line 55, Total real estate, from Schedule A/B..... | $ 2,721,634.00 |
|  | 1b. Copy line 62, Total personal property, from Schedule A/B..... | $ 58,878.01 |
|  | 1c. Copy line 63, Total of all property on Schedule A/B..... | $ 2,780,512.01 |

### Part 2:   Summarize Your Liabilities

|  |  | Your liabilities Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 3,277,431.86 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.... | $ 70,000.00 |
|  | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.... | $ 3,143,137.22 |
|  | **Your total liabilities** | $ 6,490,569.08 |

### Part 3:   Summarize Your Income and Expenses

| 4. | *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*..... | $ 0.00 |
|---|---|---|
| 5. | *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*.... | $ 33,422.94 |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**
   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1   **Stephen Todd Walker** _____    Case number *(if known)*  **20-13557**

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.                                    $ _____

9.  Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

|  | Total claim |
|---|---|
| From Part 4 on *Schedule E/F*, copy the following: | |
| 9a. Domestic support obligations (Copy line 6a.) | $ 70,000.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |

9g. **Total.** Add lines 9a through 9f.                                          $ 70,000.00

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify your case and this filing: | | |
|---|---|---|
| Debtor 1 | **Stephen Todd Walker** | |
| | First Name          Middle Name          Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name          Middle Name          Last Name | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA | |
| Case number | 20-13557 | ☐ Check if this is an amended filing |

## Official Form 106A/B
## Schedule A/B: Property                                                        12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☑ Yes. Where is the property?

| 1.1 | | |
|---|---|---|
| **611 Rose Lane** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☑ Single-family home | |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | |
| **Bryn Mawr        PA        19010-0000** | ☐ Land | Current value of the entire property?     Current value of the portion you own? |
| City          State          ZIP Code | ☐ Investment property | **$1,100,000.00**          **$1,100,000.00** |
| | ☐ Timeshare | |
| | ☐ Other | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **Who has an interest in the property?** Check one | **Fee simple** |
| **Montgomery** | ☑ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | ☐ At least one of the debtors and another | |
| | Other information you wish to add about this item, such as local property identification number: | |
| | **(value based upon 10/4/19 appraisal)** | |

Debtor 1    **Stephen Todd Walker**                                 Case number *(if known)*   **20-13557**

**If you own or have more than one, list here:**

1.2

**What is the property?** Check all that apply

**1150 Youngsford Road**
Street address, if available, or other description

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other

**Gladwyne       PA    19035-0000**
City            State       ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,621,634.00** | **$1,621,634.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

**Who has an interest in the property?** Check one

**Montgomery**
County

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**(valuation based upon on-line resources; currently listed for $1,750,000)**

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................=>

| **$2,721,634.00** |
|---|

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

- ☐ No
- ■ Yes

3.1   Make:   **Lexus**
Model:  **GX**
Year:   **2011**
Approximate mileage:    **109000**
Other information:

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $14,429.00 | $14,429.00 |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

- ■ No
- ☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................=>

| **$14,429.00** |
|---|

**Part 3:    Describe Your Personal and  Household Items**

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

Official Form 106A/B                          Schedule A/B: Property                                          page 2

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Debtor 1    **Stephen Todd Walker**                                      Case number *(if known)*    **20-13557**

---

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ■ Yes.  Describe.....

    | various furniture, furnishings and appliances | $12,000.00 |
    |---|---|

---

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
    ☐ No
    ■ Yes.  Describe.....

    | 3 TVs, 2 computers, phone, laptop | $1,300.00 |
    |---|---|

---

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
    ■ No
    ☐ Yes.  Describe.....

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
    ☐ No
    ■ Yes.  Describe.....

    | 2 sets of golf clubs; bicycle | $500.00 |
    |---|---|

---

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

    | various clothes and clothing | $100.00 |
    |---|---|

---

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes.  Describe.....

    | 1 watch | $5,000.00 |
    |---|---|

---

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes.  Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes.  Give specific information.....

---

Official Form 106A/B                          Schedule A/B: Property                                    page 3

Debtor 1    **Stephen Todd Walker**                                    Case number *(if known)*    **20-13557**

---

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here ...........................................................................                    | **$18,900.00** |

**Part 4:  Describe Your Financial Assets**

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes.................................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
    institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes.......................

Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Checking | PNC Bank, NA #0865<br>as of 3/20/20 | $41.46 |
| 17.2. | Checking | Republic Bank #3985<br>(amount estimated because no on-line<br>statement available) | $40.11 |
| 17.3. | Checking | First Citizens Community Bank #9911<br>as of 8/31/20 | $153.14 |
| 17.4. | Checking | Community Bank of DE #1023<br>(amount estimated becuase no on-line<br>statement) | $615.39 |
| 17.5. | Checking | PNC Bank #9594 | $114.09 |
| 17.6. | Individual account | RBC Wealth Management<br>#3859 | $222.65 |
| 17.7. | joint account | RBC Wealth Management<br> #0685 | $59.46 |
| 17.8. | custodial account | RBC Wealth Management<br>(not property of the estate) | $104.74 |
| 17.9. | custodial account | RBC Wealth Management<br>(not property of the estate) | $112.38 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ☐ No
    ■ Yes..................

Institution or issuer name:

Morgan Stanley
(Morgan Stanley Capital Partners Funds)                                                **Unknown**

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Debtor 1    **Stephen Todd Walker** _____    Case number *(if known)*    **20-13557**

| | |
|---|---|
| Oppenheimer | **Unknown** |
| **Deutsche Bank/Alex Brown - Special Opportunity Fund, LLC** | **Unknown** |

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ■ Yes.  Give specific information about them...................

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| Stratosphere, LLC<br>(entity formed to collect and administer publishing royalties | 100 | % | **Unknown** |
| Orchid, LLC<br>(entity originally formed to be involved in real estate holdings) | 100 | % | **$0.00** |
| Wealth Devil, LLC<br>(entity formed for published book) | 100 | % | **$0.00** |
| Pennstone, LLC<br>(owns an interest in a Private Markets Fundemployee Investors III LP through Morgan Stanley) | 100 | % | **Unknown** |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
   Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☐ No
   ■ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| IRA | Fidelity Brokerage Services (balance as of 6/30/20) | **$45.75** |
| IRA | RBC Wealth Management<br>#3980 | **$201.28** |

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. ....................    Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

Debtor 1    **Stephen Todd Walker**                                    Case number *(if known)*    **20-13557**

26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☐ No
■ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**Capital Group American Funds #7505**
**as of 6/30/20**                                                            $23,838.56
**529 plan - not property of the estate**

---

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ☐ No
   ■ Yes. Give specific information about them...

   | The Stephen Todd Walker 2004 Irrevocable Trust (trust has no assets and, thus, is valued at $0) | $0.00 |
   |---|---|

---

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes. Give specific information about them...

**Money or property owed to you?**                                    Current value of the
                                                                      portion you own?
                                                                      Do not deduct secured
                                                                      claims or exemptions.

28. **Tax refunds owed to you**
   ☐ No
   ■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

   | possible tax refund from City of Philadelphia | local tax | Unknown |
   |---|---|---|

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
            benefits; unpaid loans you made to someone else
   ■ No
   ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
            Company name:                    Beneficiary:                    Surrender or refund
                                                                             value:

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
   someone has died.
   ■ No

---

Debtor 1    **Stephen Todd Walker**                                                Case number *(if known)*    **20-13557**

☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ☐ No
    ■ Yes.  Describe each claim.........

| | |
|---|---|
| unliquidated claim against John Schade for defamation, commercial disparagement and tortious interfere with a contract | Unknown |
| unliquidated claims against Sidkoff, Pincus & Green, PC and Debra Speyer, Esquire | Unknown |

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here...........................................................................................................    **$25,549.01**

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
    If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

**Part 7:    Describe All Property You Own or Have an Interest In That You Did Not List Above**

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54.  Add the dollar value of all of your entries from Part 7. Write that number here  ...................................    **$0.00**

| Debtor 1 | **Stephen Todd Walker** | | Case number *(if known)* | **20-13557** |

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** .................................................................... | | **$2,721,634.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$14,429.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$18,900.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$25,549.01** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** + | **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$58,878.01** | Copy personal property total      **$58,878.01** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$2,780,512.01** |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Stephen Todd Walker** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number | **20-13557** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ☐ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ■ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>*Copy the value from Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **611 Rose Lane Bryn Mawr, PA 19010 Montgomery County (value based upon 10/4/19 appraisal)**<br>Line from *Schedule A/B*: **1.1** | $1,100,000.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(1) |
| **1150 Youngsford Road Gladwyne, PA 19035  Montgomery County (valuation based upon on-line resources; currently listed for $1,750,000)**<br>Line from *Schedule A/B*: **1.2** | $1,621,634.00 | ■ $12,153.70<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **2011 Lexus GX 109000 miles**<br>Line from *Schedule A/B*: **3.1** | $14,429.00 | ■ $4,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |
| **various furniture, furnishings and appliances**<br>Line from *Schedule A/B*: **6.1** | $12,000.00 | ■ $12,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| **3 TVs, 2 computers, phone, laptop**<br>Line from *Schedule A/B*: **7.1** | $1,300.00 | ■ $1,300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

Debtor 1   **Stephen Todd Walker**

Case number (if known)   20-13557

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2 sets of golf clubs; bicycle**<br>Line from *Schedule A/B*: **9.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **various clothes and clothing**<br>Line from *Schedule A/B*: **11.1** | $100.00 | ■ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| **1 watch**<br>Line from *Schedule A/B*: **12.1** | $5,000.00 | ■ $1,700.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(4) |
| **Checking: PNC Bank, NA #0865**<br>**as of 3/20/20**<br>Line from *Schedule A/B*: **17.1** | $41.46 | ■ $41.46<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Checking: Republic Bank #3985**<br>**(amount estimated because no**<br>**on-line statement available)**<br>Line from *Schedule A/B*: **17.2** | $40.11 | ■ $40.11<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Checking: First Citizens Community**<br>**Bank #9911**<br>**as of 8/31/20**<br>Line from *Schedule A/B*: **17.3** | $153.14 | ■ $153.14<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Checking: Community Bank of DE**<br>**#1023**<br>**(amount estimated becuase no**<br>**on-line statement)**<br>Line from *Schedule A/B*: **17.4** | $615.39 | ■ $615.39<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Checking: PNC Bank #9594**<br>Line from *Schedule A/B*: **17.5** | $114.09 | ■ $114.09<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Individual account: RBC Wealth**<br>**Management**<br>**#3859**<br>Line from *Schedule A/B*: **17.6** | $222.65 | ■ $222.65<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **joint account: RBC Wealth**<br>**Management**<br>**#0685**<br>Line from *Schedule A/B*: **17.7** | $59.46 | ■ $59.46<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| **Morgan Stanley**<br>**(Morgan Stanley Capital Partners**<br>**Funds)**<br>Line from *Schedule A/B*: **18.1** | Unknown | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |

| Debtor 1  **Stephen Todd Walker** | | Case number (if known) | **20-13557** |
|---|---|---|---|
| **Brief description of the property and line on** *Schedule A/B* **that lists this property** | **Current value of the portion you own** <br> Copy the value from *Schedule A/B* | **Amount of the exemption you claim** <br> *Check only one box for each exemption.* | **Specific laws that allow exemption** |

| | | | |
|---|---|---|---|
| **Oppenheimer** <br> Line from *Schedule A/B*: **18.2** | Unknown | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **Deutsche Bank/Alex Brown - Special Opportunity Fund, LLC** <br> Line from *Schedule A/B*: **18.3** | Unknown | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **Stratosphere, LLC** <br> **(entity formed to collect and administer publishing royalties** <br> **100 % ownership** <br> Line from *Schedule A/B*: **19.1** | Unknown | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **Orchid, LLC** <br> **(entity originally formed to be involved in real estate holdings)** <br> **100 % ownership** <br> Line from *Schedule A/B*: **19.2** | $0.00 | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **Wealth Devil, LLC** <br> **(entity formed for published book)** <br> **100 % ownership** <br> Line from *Schedule A/B*: **19.3** | $0.00 | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **Pennstone, LLC** <br> **(owns an interest in a Private Markets Fundemployee Investors III LP through Morgan Stanley)** <br> **100 % ownership** <br> Line from *Schedule A/B*: **19.4** | Unknown | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **IRA: Fidelity Brokerage Services** <br> **(balance as of 6/30/20)** <br> Line from *Schedule A/B*: **21.1** | $45.75 | ■         $45.75 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(12)** |
| **IRA: RBC Wealth Management** <br> **#3980** <br> Line from *Schedule A/B*: **21.2** | $201.28 | ■        $201.28 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(12)** |
| **The Stephen Todd Walker 2004 Irrevocable Trust** <br> **(trust has no assets and, thus, is valued at $0)** <br> Line from *Schedule A/B*: **25.1** | $0.00 | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **local tax: possible tax refund from City of Philadelphia** <br> Line from *Schedule A/B*: **28.1** | Unknown | ■           $0.00 <br> ☐   100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |

Debtor 1    **Stephen Todd Walker**                                    Case number (if known)    20-13557

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **unliquidated claim against John Schade for defamation, commercial disparagement and tortious interfere with a contract**<br>Line from *Schedule A/B*: **33.1** | Unknown | ■    $0.00<br><br>☐    100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **unliquidated claims against Sidkoff, Pincus & Green, PC and Debra Speyer, Esquire**<br>Line from *Schedule A/B*: **33.2** | Unknown | ■    $0.00<br><br>☐    100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■    No

    ☐    Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐    No

        ☐    Yes

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Stephen Todd Walker** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number | **20-13557** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:   List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion if any |
|---|---|---|---|
| | $139.00 | $1,100,000.00 | $139.00 |

**2.1   Lower MerionTownship**
Creditor's Name

**75 E. Lancaster Avenue**
**Ardmore, PA 19003**
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred   **5/17/19**

**Describe the property that secures the claim:**

**611 Rose Lane Bryn Mawr, PA 19010  Montgomery County (value based upon 10/4/19 appraisal)**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Municipal Lien**

Last 4 digits of account number

Debtor 1    **Stephen Todd Walker**  
    First Name       Middle Name       Last Name       Case number (if known)    **20-13557**

| 2.2 | **Morgan Stanley Smith Barney LLC** | | |
|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:    $1,200,000.00    $0.00    $455,479.00

> real estate in Montgomery County

**2000 Westchester Avenue**  
**Purchase, NY 10577**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.  
☐ Contingent  
■ Unliquidated  
■ Disputed

**Nature of lien.** Check all that apply.  
☐ An agreement you made (such as mortgage or secured car loan)  
☐ Statutory lien (such as tax lien, mechanic's lien)  
■ Judgment lien from a lawsuit  
☐ Other (including a right to offset)  _____

**Who owes the debt?** Check one.  
■ Debtor 1 only  
☐ Debtor 2 only  
☐ Debtor 1 and Debtor 2 only  
☐ At least one of the debtors and another  
☐ Check if this claim relates to a community debt

Date debt was incurred  **7/31/18**    Last 4 digits of account number  _____

---

| 2.3 | **Pennsylvania Department of Revenue** | | |
|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:    $10,739.86    $1,517,275.00    $0.00

> real estate in Montgomery County

**Dept 280948**  
**Harrisburg, PA 17128**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.  
☐ Contingent  
☐ Unliquidated  
☐ Disputed

**Nature of lien.** Check all that apply.  
☐ An agreement you made (such as mortgage or secured car loan)  
☐ Statutory lien (such as tax lien, mechanic's lien)  
☐ Judgment lien from a lawsuit  
■ Other (including a right to offset)    **State Tax Lien**

**Who owes the debt?** Check one.  
■ Debtor 1 only  
☐ Debtor 2 only  
☐ Debtor 1 and Debtor 2 only  
☐ At least one of the debtors and another  
☐ Check if this claim relates to a community debt

Date debt was incurred  **11/22/19**    Last 4 digits of account number  _____

Debtor 1  **Stephen Todd Walker**

First Name        Middle Name        Last Name

Case number (if known)   **20-13557**

| 2.4 | **Phh Mortgage Services** | Describe the property that secures the claim: | **$547,336.00** | **$1,621,634.00** | **$0.00** |

Creditor's Name

**Attn: Research/Bankruptcy 1661 Worthington Rd Ste 100 West Palm Beach, FL 33409**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**1150 Youngsford Road Gladwyne, PA 19035  Montgomery County (valuation based upon on-line resources; currently listed for $1,750,000)**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ An agreement you made (such as mortgage or secured car loan)

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **First Mortgage**

**Opened 08/03  Last Active 8/10/20**

Date debt was incurred

Last 4 digits of account number   **1895**

| 2.5 | **PNC Mortgage** | Describe the property that secures the claim: | **$471,646.00** | **$1,100,000.00** | **$0.00** |

Creditor's Name

**Attn: Bankruptcy Po Box 8819 Dayton, OH 45401**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

**611 Rose Lane Bryn Mawr, PA 19010  Montgomery County (value based upon 10/4/19 appraisal)**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ An agreement you made (such as mortgage or secured car loan)

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Second Mortgage**

**Opened 05/07  Last Active 8/08/20**

Date debt was incurred

Last 4 digits of account number   **1453**

Official Form 106D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 3 of 5

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor 1    **Stephen Todd Walker**

First Name    Middle Name    Last Name

Case number (if known)    **20-13557**

---

| 2.6 | **PNC Mortgage** | Describe the property that secures the claim: | $136,446.00 | $1,100,000.00 | $89,440.00 |

Creditor's Name

**611 Rose Lane Bryn Mawr, PA 19010  Montgomery County (value based upon 10/4/19 appraisal)**

**As of the date you file, the claim is:** Check all that apply.

**Attn: Bankruptcy
Po Box 8819
Dayton, OH 45401**

Number, Street, City, State & Zip Code

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ An agreement you made (such as mortgage or secured car loan)

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Third Mortgage**

**Opened 07/05  Last Active 8/08/20**

Date debt was incurred

Last 4 digits of account number    **0888**

---

| 2.7 | **Rushmore Loan Mgmt Srvc** | Describe the property that secures the claim: | $329,777.00 | $1,621,634.00 | $0.00 |

Creditor's Name

**1150 Youngsford Road Gladwyne, PA 19035  Montgomery County (valuation based upon on-line resources; currently listed for $1,750,000)**

**As of the date you file, the claim is:** Check all that apply.

**Attn: Bankruptcy
Po Box 55004
Irvine, CA 92619**

Number, Street, City, State & Zip Code

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ An agreement you made (such as mortgage or secured car loan)

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Second Mortgage**

**Opened 7/03/07  Last Active 08/20**

Date debt was incurred

Last 4 digits of account number    **8050**

---

Debtor 1  **Stephen Todd Walker**

First Name     Middle Name          Last Name

Case number (if known)    **20-13557**

| | | | | |
|---|---|---|---|---|
| **2.8** | **Wells Fargo Home Mortgage** | Describe the property that secures the claim: | $581,348.00 | $1,100,000.00 | $0.00 |

Creditor's Name

**611 Rose Lane Bryn Mawr, PA 19010  Montgomery County (value based upon 10/4/19 appraisal)**

**Po Box 10335
Des Moines, IA 50306**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **First Mortgage**

**Opened 12/02  Last Active 8/10/20**

Date debt was incurred

Last 4 digits of account number    **2465**

Add the dollar value of your entries in Column A on this page. Write that number here:

| $3,277,431.86 |

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:

| $3,277,431.86 |

**Part 2:**   **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐

Name, Number, Street, City, State & Zip Code
**Erik L. Coccia, Esquire
Christie Callahan Comerford, Esquire
Dilworth Paxson, LLP
1500 Market Street, Suite 3500 E
Philadelphia, PA 19102-2101**

On which line in Part 1 did you enter the creditor?    **2.2**

Last 4 digits of account number ___

☐

Name, Number, Street, City, State & Zip Code
**Ira Glauber, Esquire
Dilworth Paxson, LLP
99 Park Avenue, Suite 320
New York, NY 10016**

On which line in Part 1 did you enter the creditor?    **2.2**

Last 4 digits of account number ___

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Stephen Todd Walker** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number | 20-13557 |
| (if known) | |

☐ Check if this is an
amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ☑ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|

| 2.1 | **Dorothy Walker** | Last 4 digits of account number | **$40,000.00** | **$0.00** | **$40,000.00** |
|---|---|---|---|---|---|

Priority Creditor's Name
**c/o Helen Casale, Esquire**
**401 DeKalb Street, 4th Floor**
**Norristown, PA 19401**
Number Street City State Zip Code

When was the debt incurred?    _____

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

☐ Contingent

☑ Debtor 1 only

☐ Unliquidated

☐ Debtor 2 only

☑ Disputed

☐ Debtor 1 and Debtor 2 only

**Type of PRIORITY unsecured claim:**

☐ At least one of the debtors and another

☑ Domestic support obligations

☐ Check if this claim is for a  community debt

☐ Taxes and certain other debts you owe the government

**Is the claim subject to offset?**

☐ Claims for death or personal injury while you were intoxicated

☐ No

☐ Other. Specify    _____

☑ Yes

**child suppport obligations**

Debtor 1   **Stephen Todd Walker**                                                    Case number (if known)   **20-13557**

| | | | | |
|---|---|---|---|---|

| 2.2 | **Dorothy Walker** | Last 4 digits of account number _____ | **$30,000.00** | **$30,000.00** | **$0.00** |

Priority Creditor's Name
c/o Helen Casale, Esquire
401 DeKalb Street, 4th Floor
Norristown, PA 19401

When was the debt incurred?  _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Contingent

■ Debtor 1 only

☐ Unliquidated

☐ Debtor 2 only

☐ Disputed

☐ Debtor 1 and Debtor 2 only

Type of PRIORITY unsecured claim:

☐ At least one of the debtors and another

■ Domestic support obligations

☐ Check if this claim is for a  community debt

☐ Taxes and certain other debts you owe the government

Is the claim subject to offset?

☐ Claims for death or personal injury while you were intoxicated

■ No

☐ Other. Specify _____

☐ Yes

**alimony**

---

| 2.3 | **Internal Revenue** | Last 4 digits of account number _____ | **$0.00** | **$0.00** | **$0.00** |

Priority Creditor's Name
Insolvency Unit
600 Arch Street
Philadelphia, PA 19106

When was the debt incurred?  _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Contingent

■ Debtor 1 only

☐ Unliquidated

☐ Debtor 2 only

☐ Disputed

☐ Debtor 1 and Debtor 2 only

Type of PRIORITY unsecured claim:

☐ At least one of the debtors and another

☐ Domestic support obligations

☐ Check if this claim is for a  community debt

■ Taxes and certain other debts you owe the government

Is the claim subject to offset?

☐ Claims for death or personal injury while you were intoxicated

■ No

☐ Other. Specify _____

☐ Yes

**Notice purposes only**

---

| 2.4 | **Montgomery County Tax Claim Bureau** | Last 4 digits of account number _____ | **Unknown** | **$0.00** | **$0.00** |

Priority Creditor's Name
One Montgomery Plaza
Suite 600
Norristown, PA 19401

When was the debt incurred?  _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Contingent

■ Debtor 1 only

☐ Unliquidated

☐ Debtor 2 only

☐ Disputed

☐ Debtor 1 and Debtor 2 only

Type of PRIORITY unsecured claim:

☐ At least one of the debtors and another

☐ Domestic support obligations

☐ Check if this claim is for a  community debt

■ Taxes and certain other debts you owe the government

Is the claim subject to offset?

☐ Claims for death or personal injury while you were intoxicated

■ No

☐ Other. Specify _____

☐ Yes

**notice purposes only**

---

Debtor 1    **Stephen Todd Walker**                                   Case number (if known)    **20-13557**

| 2.5 | **Pennsylvania Dept. of Revenue** | Last 4 digits of account number ___ ___ ___ ___ | $0.00 | $0.00 | $0.00 |

Priority Creditor's Name
**Bankruptcy Division
Dept. 280946
Harrisburg, PA 17128**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**Notice purposes only**

---

**Part 2:    List All of Your NONPRIORITY Unsecured Claims**

3.  **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

| 4.1 | **Amex** | Last 4 digits of account number    **7443** | $3,494.00 |

Nonpriority Creditor's Name
**Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    **Opened 04/01  Last Active 8/14/20**

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

Debtor 1   **Stephen Todd Walker**                                    Case number (if known)    **20-13557**

---

| 4.2 | **Bank of America** | Last 4 digits of account number    **5740** | **$33,116.00** |

Nonpriority Creditor's Name
**4909 Savarese Circle
Fl1-908-01-50
Tampa, FL 33634**
Number Street City State Zip Code

**Opened 09/96  Last Active**
When was the debt incurred?    **08/20**

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

| 4.3 | **Barclays Bank Delaware** | Last 4 digits of account number    **0912** | **$64,075.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899**
Number Street City State Zip Code

**Opened 03/96  Last Active**
When was the debt incurred?    **8/10/20**

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

| 4.4 | **Business Consulting Group, LLC** | Last 4 digits of account number | **$20,000.00** |

Nonpriority Creditor's Name
**10 Brook Street
Westwood, MA 02090**
Number Street City State Zip Code

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **unsecured loan**

---

Debtor 1   **Stephen Todd Walker**                                    Case number (if known)    **20-13557**

| | | |
|---|---|---|
| **4.5** | **Deborah Zitomer, Esquire, L.L.C.** | **$100,000.00** |

Last 4 digits of account number _____

Nonpriority Creditor's Name
**11 E. Airy Street**
**Norristown, PA 19401**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Legal Fees (amount estimated)**

---

| | | |
|---|---|---|
| **4.6** | **Discover Financial** | **$24,210.00** |

Last 4 digits of account number   **6797**

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 3025**
**New Albany, OH 43054**
Number Street City State Zip Code

When was the debt incurred?   **Opened 09/02  Last Active 08/20**

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| | | |
|---|---|---|
| **4.7** | **Haines & Associates** | **$100,000.00** |

Last 4 digits of account number _____

Nonpriority Creditor's Name
**1339 Chestnut Street, Suite 530**
**Philadelphia, PA 19107**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Attorney Fees (amount estimated)**

---

Debtor 1   **Stephen Todd Walker**                          Case number (if known)   __20-13557__

| 4.8 | **John and Marilyn Schade** | Last 4 digits of account number _____ | **$315,825.10** |

Nonpriority Creditor's Name
**1020 Ricketts Road**
**Hilltown, PA 18927**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
■ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **alleged loans**

---

| 4.9 | **Morgan Stanley Smith Barney LLC** | Last 4 digits of account number _____ | **$1,200,000.00** |

Nonpriority Creditor's Name
**2000 Westchester Avenue**
**Purchase, NY 10577**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
■ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **This claim is duplicative of the Sch. D claim of this creditor, but is included to clarify that it relates to an arbitration award on 11/1/17 in the matter of Morgan Stanley v. Walker, FINRA Dispute Resolution Arbitration Case No. 10-04094.**

---

| 4.10 | **Nancy Walker** | Last 4 digits of account number _____ | **$350,000.00** |

Nonpriority Creditor's Name
**840 Montgomery Avenue**
**Apartment 802**
**Bryn Mawr, PA 19010**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **unsecured loans**

---

Debtor 1    **Stephen Todd Walker**                                    Case number (if known)    **20-13557**

| 4.1 1 | **Noone & Borger, LLC** | | Last 4 digits of account number _____ | | **$30,000.00** |

Nonpriority Creditor's Name
**32 S. Church Street**
**West Chester, PA 19382**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **legal fees (amount estimated)**

---

| 4.1 2 | **RBC** | | Last 4 digits of account number _____ | | **$896,442.12** |

Nonpriority Creditor's Name
**60 South 6th Street**
**Minneapolis, MN 55402**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **promissory notes**

---

| 4.1 3 | **Republic Bank** | | Last 4 digits of account number    **3985** | | **$975.00** |

Nonpriority Creditor's Name
**50 S. 16th Street**
**Suite 2400**
**Philadelphia, PA 19102**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Line of Credit**

---

Debtor 1  **Stephen Todd Walker** _____  Case number (if known)  **20-13557**

| 4.1 4 | **Sidkoff, Pincus & Green, P.C.** | | Last 4 digits of account number ___ ___ ___ ___ | **Unknown** |

Nonpriority Creditor's Name
**2700 Jefferson Center**
**1101 Market Street**
**Philadelphia, PA 19107**
Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Attorney Fees**

---

| 4.1 5 | **Winget, Spadafora & Schwartzberg, LLP** | | Last 4 digits of account number ___ ___ ___ ___ | **$5,000.00** |

Nonpriority Creditor's Name
**attention: Denis Dice**
**1528 Walnut Street**
**Suite 1502**
**Philadelphia, PA 19102**
Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

**As of the date you file, the claim is: Check all that apply**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Attorney Fees (amount estimated)**

---

**Part 3:   List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Debra G. Speyer, Esquire**
**1515 Market Street**
**Suite 1200**
**Philadelphia, PA 19102**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.14** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

Name and Address
**Gary Green, Esq., Larry M. Keller, Esq.,**
**Samantha F. Green, Esq.**
**Sidkoff, Pincus & Green, P.C.**
**1101 Market Street, Suite 2700**
**Philadelphia, PA 19107**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.14** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

Name and Address
**Joshua C. Quinter, Esquire**
**Karin Corbett, Esquire**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.8** of (Check one):   ☐ Part 1: Creditors with Priority Unsecured Claims

Debtor 1   **Stephen Todd Walker**                                  Case number (if known)    **20-13557**

**Kathryn Pettit, Esquire**
**401 Plymouth Rd., Suite 100**
**Plymouth Meeting, PA 19462**

■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

**Part 4:   Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. $ | 70,000.00 |
|  | 6b. | Taxes and certain other debts you owe the government | 6b. $ | 0.00 |
|  | 6c. | Claims for death or personal injury while you were intoxicated | 6c. $ | 0.00 |
|  | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. $ | 0.00 |
|  | 6e. | Total Priority. Add lines 6a through 6d. | 6e. $ | 70,000.00 |
|  |  |  |  | Total Claim |
| **Total claims from Part 2** | 6f. | Student loans | 6f. $ | 0.00 |
|  | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. $ | 0.00 |
|  | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. $ | 0.00 |
|  | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ | 3,143,137.22 |
|  | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. $ | 3,143,137.22 |

---

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Stephen Todd Walker** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number | 20-13557 |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.    **Do you have any executory contracts or unexpired leases?**
      ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
      ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.    **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |
| 2.1 | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| 2.2 | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| 2.3 | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| 2.4 | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |
| 2.5 | |
| Name | |
| Number    Street | |
| City    State    ZIP Code | |

Official Form 106G                    Schedule G: Executory Contracts and Unexpired Leases                    Page 1 of 1

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Stephen Todd Walker** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number | 20-13557 |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| *Column 1:* **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| 3.1 _____<br>Name<br><br>_____<br>Number    Street<br>City    State    ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| 3.2 _____<br>Name<br><br>_____<br>Number    Street<br>City    State    ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Stephen Todd Walker |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | 20-13557 |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | investment advisor | |
| Employer's name | | Aegis Capital Corporation | |
| Employer's address | | | |
| How long employed there? | | | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 0.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | +$ 0.00 | +$ N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | $ 0.00 | $ N/A |

Debtor 1  **Stephen Todd Walker**                                    Case number *(if known)*  **20-13557**

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 0.00 | $ N/A |

5. **List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6.  $ 0.00   $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.  7.  $ 0.00   $ N/A

8. **List all other income regularly received:**

   8a. **Net income from rental property and from operating a business, profession, or farm**
   Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.  $ 0.00   $ N/A

   8b. **Interest and dividends**   8b.  $ 0.00   $ N/A

   8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
   Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.  $ 0.00   $ N/A

   8d. **Unemployment compensation**   8d.  $ 0.00   $ N/A

   8e. **Social Security**   8e.  $ 0.00   $ N/A

   8f. **Other government assistance that you regularly receive**
   Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
   Specify:   8f.  $ 0.00   $ N/A

   8g. **Pension or retirement income**   8g.  $ 0.00   $ N/A

   8h. **Other monthly income. Specify:**   8h.+  $ 0.00 +   $ N/A

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  9.  $ 0.00   $ N/A

10. **Calculate monthly income.** Add line 7 + line 9.   10.  $ 0.00 +  $ N/A =  $ 0.00
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
    Specify:   11.  +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies   12.  $ 0.00

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ☐ No.
    ■ Yes. Explain:  | Prior to the Petition Date, the Debtor started new employment, which will have a signing bonus in the form of a forgivable loan. In addition, the Debtor's W-2 income will fluctuate as his employment proceeds. Since neither the bonus nor wages was paid as of the Petition Date, the Debtor is disclosing no income, but will amend this Schedule once his monthly income comes into greater clarity.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Stephen Todd Walker** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | **20-13557** |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ☐ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $  5,056.54 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. $  2,193.90 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $  768.67 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $  256.48 |
| 4d. | Homeowner's association or condominium dues | 4d. $  0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $  2,952.51 |

Debtor 1    **Stephen Todd Walker**                                     Case number (if known)    **20-13557**

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | 502.92 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 158.82 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 334.00 |
| | 6d. Other. Specify: **Lawn** | 6d. $ | 256.17 |
| 7. | **Food and housekeeping supplies** | 7. $ | 600.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 500.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 100.00 |
| 10. | **Personal care products and services** | 10. $ | 50.00 |
| 11. | **Medical and dental expenses** | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 1,105.27 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 1,044.87 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 1,042.88 |
| | 15c. Vehicle insurance | 15c. $ | 544.58 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: | 17c. $ | 0.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* (Official Form 106I). | 18. $ | 7,500.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | |
| | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. $ | 5,656.58 |
| | 20b. Real estate taxes | 20b. $ | 1,591.87 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 327.41 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 879.47 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 33,422.94 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 33,422.94 |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 0.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 33,422.94 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | -33,422.94 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Explain here: **Debtor is in the process of selling the non-residence property, which, once completed, will permanently eliminate those expenses, which are scheduled, but not being paid.**

**Fill in this information to identify your case:**

Debtor 1     **Stephen Todd Walker**
             First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)    First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    EASTERN DISTRICT OF PENNSYLVANIA

Case number    **20-13557**
(if known)

☐ Check if this is an
   amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☒ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice,*
                                             *Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X   **/s/ Stephen Todd Walker**                    X _____
    **Stephen Todd Walker**                          Signature of Debtor 2
    Signature of Debtor 1

    Date    **September 29, 2020**                   Date _____

Official Form 106Dec              Declaration About an Individual Debtor's Schedules

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Stephen Todd Walker** |
| | First Name___Middle Name___Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name___Middle Name___Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | **20-13557** |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ■ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

   | Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
   |---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ■ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

   | | Debtor 1 | | Debtor 2 | |
   |---|---|---|---|---|
   | | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
   | **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | $1,488,700.71 | ☐ Wages, commissions, bonuses, tips | |
   | | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1   **Stephen Todd Walker**                                                    Case number *(if known)*   **20-13557**

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | **Sources of Income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of Income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2019 ) | ■ Wages, commissions, bonuses, tips<br>□ Operating a business | $898,931.79 | □ Wages, commissions, bonuses, tips<br>□ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2018 ) | ■ Wages, commissions, bonuses, tips<br>□ Operating a business | $529,437.00 | □ Wages, commissions, bonuses, tips<br>□ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    □ No
    ■ Yes. Fill in the details.

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | **Sources of Income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of Income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | 2020 Income not yet calculable | Unknown | | |
|  | unemployment comp | $8,120.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2019 ) | Anticipated Schedule E Income | $6,105.00 | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2018 ) | Interest / Dividends | $870.00 | | |
|  | IRA, Pensions and Annuities | $59,000.00 | | |
|  | Schedule C income | $4,404.00 | | |
|  | Schedule E income | $6,199.00 | | |

**Part 3:** **List Certain Payments You Made Before You Filed for Bankruptcy**

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
    ■ No.   Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts are* defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?
    ■ No.   Go to line 7.
    □ Yes   List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
    * Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

Debtor 1    **Stephen Todd Walker**                                   Case number (if known)    **20-13557**

☐ Yes.  **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.   Go to line 7.
☐ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not
include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an
attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations
of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for
a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and
alimony.

☐ No
■ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| spouse and children | | **$0.00** | **$0.00** | domestic support obligations |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:**    **Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody
modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Morgan Stanley Smith Barney LLC vs. Stephen Todd Walker 2018-19241 | transfer of judgment entered in federal district court | Montgomery County Court of Common Pleas P.O. Box 311 19401 | ■ Pending ☐ On appeal ☐ Concluded |
| Daniel Foote Thompson vs. Stephen Todd Walker 2019-06293 | Civil | Montgomery County Court of Common Pleas P.O. Box 311 19401 | ☐ Pending ☐ On appeal ■ Concluded |
| Dorothy Schade Walker vs. Stephen Todd Walker 2019-19420 | Divorce | Montgomery County Court of Common Pleas P.O. Box 311 19401 | ■ Pending ☐ On appeal ☐ Concluded |

Debtor 1    **Stephen Todd Walker**                                                    Case number (*if known*)    **20-13557**

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Dorothy Schade Walker vs. Stephen Todd Walker, Sr.**<br>**2020-05427** | **domestic relations matter** | **Montgomery County Court of Common Pleas**<br>**P.O. Box 311**<br>**19401** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **John and Marilyn Schade vs. Stephen Todd Walker**<br>**2020-06363** | **Civil action** | **Montgomery County Court of Common Pleas**<br>**P.O. Box 311**<br>**19401** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **Sidkoff, Pincus & Green, P.C., et al. vs. Walker, et al.**<br>**180701964** | **civil action** | **Philadelphia Court of Common Pleas**<br>**1400 John F. Kennedy Blvd.**<br>**Philadelphia, PA 19107** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **Morgan Stanley Smith Barney LLC et al. vs. Walker**<br>**2:17-CV-05635-jcj** | **confirmation of arbitration award** | **United States District Court for EDPA**<br>**601 Market Street**<br>**Room 2609**<br>**Philadelphia, PA 19106** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| **Lower Merion Township vs. Stephen T. Walker**<br>**2019-13630** | **Municipal Lien** | **Montgomery County Court of Common Pleas**<br>**P.O. Box 311**<br>**19401** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| **Pennsylvania Department of Revenue vs. Stephen Walker**<br>**2019-63611** | **tax lien** | **Montgomery County Court of Common Pleas**<br>**P.O. Box 311**<br>**19401** | ☐ Pending<br>☐ On appeal<br>■ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐   No. Go to line 11.
■   Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | **Explain what happened** | | |
| **Morgan Stanley Smith Barney LLC**<br>**2000 Westchester Avenue**<br>**Purchase, NY 10577** | **611 Rose Lane Bryn Mawr, PA 19010**<br>**Montgomery County; bank accounts** | | **$0.00** |
| | ☐ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>■ Property was attached, seized or levied. | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■   No
☐   Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

Debtor 1    **Stephen Todd Walker**    Case number *(if known)*    **20-13557**

---

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

### Part 5:    List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

Person to Whom You Gave the Gift and Address:

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

Charity's Name
Address (Number, Street, City, State and ZIP Code)

### Part 6:    List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

### Part 7:    List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Smith Kane Holman, LLC<br>112 Moores Road<br>Suite 300<br>Malvern, PA 19355<br>dsmith@skhlaw.com<br>Rachel Sellers paid filing fee of $1,717 | Attorney Fees | 9/1/20 | $3,000.00 |

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    **Stephen Todd Walker**                                    Case number *(if known)*    **20-13557**

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Person's relationship to you | | | |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Debtor 1    **Stephen Todd Walker**                          Case number *(if known)*    **20-13557**

**Part 9:**    Identify Property You Hold or Control for Someone Else

23.  Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust
     for someone.

■ **No**
☐ **Yes.** Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP<br>Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:**    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or
   toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or
   regulations controlling the cleanup of these substances, wastes, or material.

■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used
   to own, operate, or utilize it, including disposal sites.

■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance,
   hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ **No**
☐ **Yes.** Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

25.  Have you notified any governmental unit of any release of hazardous material?

■ **No**
☐ **Yes.** Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

26.  Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ **No**
☐ **Yes.** Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
|---|---|---|---|

**Part 11:**    Give Details About Your Business or Connections to Any Business

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

■ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

Debtor 1   **Stephen Todd Walker**                                      Case number (if known)   **20-13557**

☐   No. None of the above applies.  Go to Part 12.

☑   Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br>Dates business existed |
|---|---|---|
| **Orchid, LLC** | real estate entity | EIN:<br>From-To |
| **Stratosphere, LLC** | book publishing royalties | EIN:<br>From-To |
| **Wealth Devil, LLC** | published book entity | EIN:<br>From-To |
| **Pennstone, LLC** | investment entity | EIN:<br>From-To |

28.  Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☐   No
☑   Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| **Morgan Stanley Smith Barney LLC**<br>**2000 Westchester Avenue**<br>**Purchase, NY 10577** | 7/10/20 and 8/1/20 |

**Part 12:**   Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Stephen Todd Walker**
**Stephen Todd Walker**                                      Signature of Debtor 2
Signature of Debtor 1

Date   **September 29, 2020**                              Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and
>
> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

   Chapter 7 - Liquidation

   Chapter 11 - Reorganization

   Chapter 12 - Voluntary repayment plan
          for family farmers or
          fishermen

   Chapter 13 - Voluntary repayment plan
          for individuals with regular
          income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | | Liquidation |
|---|---|---|
| | $245 | filing fee |
| | $75 | administrative fee |
| + | $15 | trustee surcharge |
| | $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

   most taxes;

   most student loans;

   domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

### Chapter 11: Reorganization

|   |   |   |
|---|---:|---|
|   | $1,167 | filing fee |
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   |       |                    |
|---|-------|--------------------|
|   | $200  | filing fee         |
| + | $75   | administrative fee |
|   | $275  | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   |       |                    |
|---|-------|--------------------|
|   | $235  | filing fee         |
| + | $75   | administrative fee |
|   | $310  | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of Pennsylvania

In re  **Stephen Todd Walker** _____  Case No.  **20-13557** _____

Debtor(s)  Chapter  **11** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ................................................... $ _____ **3,000.00**

Prior to the filing of this statement I have received ......................................... $ _____ **3,000.00**

Balance Due ............................................................................................. $ _____ **0.00**

2.  $ __**1,717.00**__ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

☐ Debtor  ☒ Other (specify):   **Debtor, although Rachel Sellers paid the filing fee of $1,717**

4.  The source of compensation to be paid to me is:

☒ Debtor  ☐ Other (specify):

5.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
e.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

__**September 29, 2020**_____

_Date_

**/s/ David B. Smith** _____

**David B. Smith 59098**

_Signature of Attorney_

**Smith Kane Holman, LLC**
**112 Moores Road**
**Suite 300**
**Malvern, PA 19355**
**610-407-7215  Fax: 610-407-7218**
**dsmith@skhlaw.com**

_Name of law firm_

---

# United States Bankruptcy Court
### Eastern District of Pennsylvania

In re   **Stephen Todd Walker** _____     Case No.   **20-13557** _____

                                         Debtor(s)    Chapter   **11** _____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **September 29, 2020** _____

                **/s/ Stephen Todd Walker** _____
                **Stephen Todd Walker**
                Signature of Debtor

# EXHIBIT 2

Fill in this information to identify the case:

Debtor Name Stephen Todd Walker

United States Bankruptcy Court for the: Eastern District of Pennsylvania

Case number: 20-13557 (ELF)

☐ Check if this is an amended filing

## Official Form 425A

## Plan of Reorganization for Small Business Under Chapter 11    02/20

**Stephen Todd Walker's Plan of Reorganization, Dated November 25, 2020 (the "Plan")**

### Background for Cases Filed Under Subchapter V

**A. Description and History of the Debtor**

Stephen Todd Walker (the "Debtor") is an adult individual who has been a financial advisor since 1993. In March of 2001, the Debtor became employed by Morgan Stanley, which became Morgan Stanley Smith Barney, LLC in 2009 ("Morgan Stanley"). During his tenure there, the Debtor was one of Morgan Stanley's most successful executives. Indeed, out of approximately 24,000 financial advisors, the Debtor was ranked in the Top 150. When the Morgan Stanley predecessor entity merged with Smith Barney, Morgan Stanley gave the Debtor a "Retention Bonus" to remain with the firm. Subsequently, the Debtor expressed some concern over certain products that Morgan Stanley was selling, which ultimately led to Morgan Stanley terminating the Debtor. This resulted in the Debtor bringing what ultimately became an -eight-year arbitration proceeding before the Financial Industry Regulatory Authority, at great expense to the Debtor.

Unfortunately for the Debtor, while the Debtor was awarded a recovery on his affirmative claims against Morgan Stanley, that recovery was eclipsed by a larger award granted to Morgan Stanley on account of Morgan Stanley's counterclaims for the "Retention Bonus" to the Debtor that became unforgiveable when the Debtor's employment was terminated.

Morgan Stanley confirmed that award as a judgment in the United States District Court for the Eastern District of Pennsylvania and although a settlement was initially reached by the parties, the Debtor missed a payment, which resulted in a breach and thereby enabled Morgan Stanley to enforce the judgment. Morgan Stanley's judgment, which also was transferred into Montgomery County Court of Common Pleas, acts as a judicial lien against the Debtor's real estate at 611 Rose Lane, Bryn Mawr, Pennsylvania (the "Bryn Mawr Property") and 1150 Youngsford Road, Gladwyne, Pennsylvania (the "Gladwyne Property").

In addition to the aforementioned Morgan Stanley matter, the Debtor incurred significant costs associated with other litigation, which magnified and exacerbated the Debtor's financial situation. For example, since August of 2019, the Debtor has been embroiled in a contentious domestic relations case with his spouse in the Montgomery County Court of Common Pleas. In addition, the Debtor is defending and pursuing malpractice claims in an action in Philadelphia County Court of Common Pleas against the lawyers and law firm that represented him in the Morgan Stanley matter. And finally, the Debtor is defending and pursuing claims against his spouse's parents in Montgomery County Court of Common Pleas.

As a result of all of the above, the Debtor filed the within chapter 11 bankruptcy case on September 1, 2020. The Debtor is a "small business" as defined in the Bankruptcy Code and has elected to proceed under Subchapter V, which, as more fully detailed below, allows the Debtor to reorganize by devoting all of his disposable income to the payment of creditors for a specified period of time.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors who do not accept the Plan will receive at least as much under the Plan as such claim holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit "A". As set forth in the liquidation analysis, the total amount distributable to creditors, before paying the costs associated with liquidating those assets, is $13,729.

It should be noted that eight of the assets identified in the liquidation analysis have an "Unknown" value. With respect to the first five assets with an "Unknown" value, they are old investments in funds that cannot be quantified, but nevertheless they are believed by the Debtor to have no or nominal value. Accordingly, those assets, even if liquidated, are believed by the Debtor to have no or an inconsequential impact on the liquidation analysis.

With respect to the asset identified as "Local Tax: possible refund from City of Philadelphia," this asset too is not yet quantifiable, but, even once liquidated, is not expected to have any meaningful impact on the liquidation analysis.

Finally, the two remaining assets with an "Unknown" value are claims in litigation, which by their very nature are unliquidated and, until liquidated, are speculative in value. The Debtor has not yet decided whether the costs associated with pursuing those claims is warranted, but, as more fully set forth below, the Debtor proposes to devote any and all recoveries, after payment of costs and expenses associated with pursuing those claims, to payments under this Plan. Therefore, creditors will get the same benefit therefrom under the Plan just as they would in a liquidation.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that he will have enough cash over the life of the Plan to make the required Plan payments and service his post-petition expenses.

The Plan Proponent has provided projected financial information as Exhibit "B", which consist of a projected three-year cash flow, along with a breakdown of the Debtor's customary household expenses. The cash flow projections reflect that the Debtor earns income from his present employer two ways.

First, the Debtor receives "loans" pursuant to the Schedule attached as Exhibit "C" (the "Employer Loans"). The advances from the Employer Loans are initially treated as loans by the employer to the Debtor until they become forgiven by the employer based upon the latter to occur of the Debtor achieving gross production of $7,500,000 or remaining with the employer for 5 years. To the extent that the Employer Loans are forgiven, they are then treated as ordinary income to the Debtor. Because the Debtor will be taxed on the Employer Loans once they become ordinary income, the Debtor's plan provides for the creation of a tax escrow equal to 35% of the face amount of the loans (the "Tax Escrow Account"), which is consistent with the Debtor's current withholdings. The Tax Escrow Account will consist of a separate account used for the sole purpose of first paying income taxes owed by the Debtor once assessed against the Debtor and second to repay the employer on account of its administrative claim if and to the extent that the Debtor has an obligation to repay any Employer Loans that were not forgiven by the employer. To be clear, in the event that any portion of the Employer Loans becomes owing, the funds in the Tax Escrow Account will be used first to pay any income tax owing or to become owing by the Debtor.

Second, the Debtor receives fee income derivative of the fees charged on account of services provided to his client. The Debtor's projected fee income is reflected on a gross basis; accordingly, the Debtor has deducted tax withholdings at a rate of 35% consistent with the Debtor's most recent paychecks, along with insurance deductions and domestic relations deductions (the "Net Fee Income").

In all events, the Employer Loans and Net Fee Income will be first used to (1) pay all of the Debtor's monthly expenses; (2) fund the Tax Escrow Account; (3) fund a reserve equal to the Debtor's expenses for the following month; and (4) pay professional fees and costs associated with the pending domestic relations and post-confirmation relating to this case, all as set forth in Exhibit B, with all remaining funds paid to the Subchapter V Trustee to fund distributions in accordance with this Plan (the "Disposable Income"), which the Debtor believes is consistent with the defined statutory projected disposable income (as defined by § 1191(d) of the Bankruptcy Code (the "Code")). Consistent with the period described in § 1191(c)(2), the Debtor projects paying his

Disposable Income to fund a plan for a period of three years in the aggregate amount of $445,000.00.

The final Plan payment is expected to be paid on the third anniversary after the "Effective Date," which is defined as the first day of the first month following the date that the Order confirming this Plan becomes final and non- appealable.

*All of the income figures in the cash flow are projections to the best of the Debtor's ability, but it must be stressed that none of the Debtor's income is guaranteed, but, in one respect or another, is performance-based and can fluctuate based upon factors outside the Debtor's control, including the effects that the global pandemic will have on investments, the general volatility of market conditions and other factors.*

Finally, the domestic relations deduction to the Debtor's income is consistent with what is in place as of the filing of this Plan, but it can be adjusted by the presiding court.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Official Form 425A

## Article 1: Summary

This Plan under chapter 11 of the Code proposes to pay creditors of the Debtor from the disposable income remaining after the Debtor's Employer Loans and Net Fee Income pay for certain expenses and obligations as more fully set forth in this Plan.

This Plan provides for:

| | |
|---|---|
| 1 | class of priority claims; |
| 6 | classes of secured claims; |
| 1 | class of non-priority unsecured claims; and |
| 1 | class of interests that the Debtor has in property of the estate. |

This Plan also provides for the payment of administrative and priority claims.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 7.5 cents on the dollar based upon the following assumptions:

$445,000 Disposable Income
($23,000) Domestic Support Priority Claim
($75,000) Debtor's counsel Administrative Expense Claim
($15,000) Subchapter V Administrative Expense Claim
($30,000) Priority Tax Claim
($78,000) Wells Fargo prepetition arrearages
($6,000) PNC prepetition arrearages (two mortgages)

**$218,000 Available to distribute to unsecured creditors with a class of approximately $2,900,000 in claims.**

All creditors should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. Your rights may be affected. You should read these paper carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.

### Article 2: Classification of Claims and Interests

2.01 **Class 1** ...............................    Class 1 consists of all allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)).

Class 1A shall consist of the allowed domestic support claim of Dorothy Schade Walker pursuant to § 507(a)(1) in the nature of prepetition child support.

2.02 **Class 2** ...................................    Class 2 consists of the following claims, to the extent allowed as a secured claim under § 506 of the Code:

Class 2A shall consist of the allowed secured claim of Wells Fargo Bank, N.A., which has a valid and properly recorded first priority mortgage lien on the Bryn Mawr Property.

Class 2B shall consist of the allowed secured claim of PNC Bank, N.A., which has a valid and properly recorded second priority mortgage lien on the Bryn Mawr Property.

Class 2C shall consist of the allowed secured claim of PNC Bank, N.A., which has a valid and properly recorded third priority mortgage lien on the Bryn Mawr Property.

Class 2D shall consist of the allowed secured claim of PHH Mortgage Services/HSBC Bank USA, National Association Trustee for Sequoal Mortgage Trust 2007-2, which has a valid and properly recorded first priority mortgage lien on the Gladwyne Property.

| | |
|---|---|
| | Class 2E shall consist of the allowed secured claim of Rushmore Loan Management Servicing/Goldman Sachs Mortgage Company, which has a valid and properly recorded second priority mortgage lien on the Gladwyne Property. |
| | Class 2F shall consist of the allowed secured claim of Morgan Stanley Smith Barney, LLC, which has a judicial lien on the Gladwyne Property, with a priority subordinate to the liens of the Class 2D and Class 2E creditors. |
| 2.03 **Class 3** ................................. | Class 3 consists of all non-priority unsecured claims allowed under § 502 of the Code, which shall also include the deficiency claim of Morgan Stanley after the sale of the Gladwyne Property. |
| 2.04 **Class 4** ................................. | Class 4 consists of the interests of the Debtor in property of the Estate. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | |
|---|---|
| 3.01 **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes. |
| 3.02 **Administrative expense claims** | Administrative expense claims shall consist of the allowed claims of the Debtor's court-employed professionals, along with the Subchapter V Trustee. The Debtor estimates that the aggregate amount of allowed administrative expense claims shall be $90,000. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid pro rata from the Debtor's Disposable Income based upon their claims as allowed by this Court starting on the Effective Date of the Plan and continuing each month until paid in full. |

| | |
|---|---|
| **3.03 Priority tax claims** | Each holder of a priority tax claim will be paid each month from the Debtor's disposable income pro rata starting in the first month following payment in full of all Priority Claims and Administrative Expense claims. Priority tax claims will be paid from all of the Debtor's disposable income until paid in full. |
| | Holders of priority tax claims consist of the Internal Revenue Service (with a priority claim on account of 2019 taxes in the estimated amount of $30,000 (including interest accrual)), along with a possible claim by the Pennsylvania Department of Revenue. |
| **3.04 Statutory fees** | Not applicable. |
| **3.05 Prospective quarterly fees** | Not applicable. |

### Article 4: Treatment of Claims and Interests Under the Plan

**4.01 Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority claims excluding those in Article 3 | ☐ Impaired<br>☑ Unimpaired | Each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan, or the date on which such claim is allowed by a final non-appealable order. If there is insufficient funds from the Debtor's Disposable Income to satisfy such claims in full on the Effective Date, Class 1 Priority Creditors shall receive all of the Debtor's Disposable Income for all months subsequent to the Effective Date until their claims are paid in full. |
| Class 2A-F – Secured claims | ☑ Impaired<br>☑ Unimpaired | Class 2A shall consist of the allowed secured claim of Wells Fargo Bank, N.A. ("Wells Fargo"), which is impaired. Wells Fargo has a valid and properly recorded first priority mortgage lien on the Bryn Mawr Property. The Debtor will pay Wells Fargo its regular monthly mortgage payments (along with any applicable escrow) current post-petition. With respect to the prepetition arrearages owed to Wells Fargo in the stated amount of $77,870.88, the arrearage claim shall be paid from the Debtor's Disposable Income in equal monthly installments of $6,489.24 over a 12-month period starting on the Effective Date. |
| | | Class 2B shall consist of the allowed secured claim of PNC Bank, N.A. ("PNC"), which is unimpaired. PNC has a valid and properly recorded second priority mortgage lien on the Debtor's residence located at 611 Rose Lane, Bryn Mawr, PA 19010. The Debtor will pay PNC its regular monthly mortgage payments current post-petition. With respect to the prepetition arrearages owed to PNC, the Debtor shall pay same on the Effective Date. |
| | | Class 2C shall consist of the allowed secured claim of PNC, which is unimpaired. PNC has a valid and properly recorded third priority mortgage lien on the Bryn Mawr Property, which is unimpaired. The Debtor will pay PNC its regular monthly mortgage payments current post-petition. With respect to the prepetition arrearages owed to PNC, the |

Class 2D shall consist of the allowed secured claim of PHH Mortgage Services/HSBC Bank USA, National Association Trustee for Sequoal Mortgage Trust 2007-2 ("PHH"), which is unimpaired. PHH has a valid and properly recorded first priority mortgage lien on the Gladwyne Property. The Debtor will pay PHH in connection with his sale of the foregoing property either pursuant to this confirmed plan or, if sooner, pursuant to § 363.

Class 2E shall consist of the allowed secured claim of Rushmore Loan Management Servicing/Goldman Sachs Mortgage Company ("Rushmore"), which is unimpaired. Rushmore has a valid and properly recorded second priority mortgage lien on the Gladwyne Property. The Debtor will pay Rushmore in connection with his sale of the foregoing property either pursuant to this confirmed plan or, if sooner, pursuant to § 363.

Class 2F shall consist of the allowed secured claim of Morgan Stanley Smith Barney, LLC ("Morgan Stanley"), which is unimpaired. Morgan Stanley has a judicial lien on the Gladwyne Property, with a priority subordinate to the liens of the Class 2D and Class 2E creditors. The Debtor will pay Morgan Stanley to the extent of any equity in his sale of the foregoing property either pursuant to this confirmed plan or, if sooner, pursuant to § 363.

| | | |
|---|---|---|
| **Class 3 – Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Each holder of a Class 3 Claim will be paid from the Debtor's Disposable Income, in cash, upon the later of the effective date of this Plan, the date on which such claim is allowed by a final non-appealable order or the beginning on the first month after the following Classes/Claims have been paid in full: (1) Class 1; (2) Administrative Expense Claims; (3) Priority Tax Claims; (4) Class 2A arrearage claim; (5) Class 2B arrearage claim; and (6) Class 2C arrearage claim. |
| **Class 4 – Debtor's interest in property of the estate.** | ☐ Impaired<br>☑ Unimpaired | The Debtor will retain his interests in property of the estate. |

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed claim**

A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| | |
|---|---|
| **6.01 Assumed executory contracts and unexpired leases** | **(a)** The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the Effective Date: There are no executory contracts or unexpired leases in this case and, thus, subpart (b) is inapplicable to this Plan. |

**(b)** Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30          days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of the Plan

The Plan will be implemented as follows:

First, in connection with or prior to Plan confirmation, the Debtor intends to sell the the Gladwyne Property. This will retire the debt owed to PFF, the first mortgage holder, and Rushmore, the second mortgage holder, as well as reduce the amount owing to Morgan Stanley by approximately $700,000. Reducing the Morgan Stanley claim will increase the pro rated return to unsecured creditors because the pool of unsecured debt in Class 3 entitled to distributions will be reduced by the amount paid to Morgan Stanley in connection with the sale of the Gladwyne Property. On a related topic, the Debtor will eliminate the debt service associated with the two aforementioned mortgages by retiring those mortgages, thereby increasing the Disposable Income payable to unsecured creditors pursuant to the Plan.

Second, as more fully set forth on the Debtor's cash flow projections attached as Exhibit B, the Debtor projects generating the aggregate sum of $445,000.00 that will be distributed to creditors on account of their allowed claims in the following statutory order of priority: (1) the domestic relations priority claim of Dorothy Schade Walker; (2) administrative expense claims; (3) priority tax claims; (4) mortgage arrearages on the Bryn Mawr Property and (5) the claims of unsecured creditors. The Debtor anticipates that he will pay his monthly Disposable Income to the Subchapter V Trustee for disbursement consistent with this Plan.

Finally, the Debtor shall have the exclusive right, but shall be under no obligation, to pursue causes of action allowed under applicable law or under the Bankruptcy Code (although the Debtor is not aware of any actions under the Bankruptcy Code). Although the Debtor is not aware of any Bankruptcy are not aware of the existence of any such Causes of Action, if they do exist, the Debtors shall prosecute causes of action diligently so as to conclude such actions as soon as practicable, with the proceeds therefrom being deposited into the Disbursement Account and paid in accordance with this Plan.

From and after the Effective Date, the Reorganized Debtor may, in the ordinary course and without the necessity of any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional persons thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

### Article 8: General Provisions

| | |
|---|---|
| 8.01 **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used, but not otherwise defined, in this Plan. |
| 8.02 **Effective date** | The "Effective Date" of this Plan is the first day of the month following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| [8.07 **Corporate governance** | Not applicable. |

| | |
|---|---|
| [0.08 **Retention of Jurisdiction** | The Court shall retain jurisdiction of this Case after the Confirmation Date for the following purposes: |

(a)     To take any action with respect to the subordination, allowance, disallowance, validity, perfection, enforcement or avoidance of Claims and liens, including, determination of objections to the allowance of claims and amendments to schedules;

(b)     To classify the Claim of any Claimant and to re-examine Claims which have been allowed for purposes of voting, and to determine such objections as may be filed to Claim;

(c)     To determine any and all disputes arising under or the Plan;

(d)     To determine any and all applications for allowance of compensation and reimbursement of expenses herein;

(e)     To determine any applications for rejection of executory contracts and unexpired leases and to determine the amount of any Claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan;

(f)     To determine any and all applications, adversary proceedings and contested and litigated matters pending in the Case as of the Confirmation Date or filed within one hundred eighty days thereafter;

(g)     To hear, determine and enforce any Code created Causes of Action and to authorize prosecution of same in such other courts as may be required by law;

(h)     To modify any provision of the Plan to the full extent permitted by the Code;

(i)     To correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan;

(j)     To determine such other matters as may be provided for in the Confirmation Order or as may be authorized under provision of the Code or otherwise deemed appropriate to accomplish the Plan's intent and purpose;

(k)     To grant extensions of any deadline set herein;

(l)     To enforce all discharge provisions under the Plan;

(m)     To enter any order, including injunctions, necessary to enforce the terms of the Plan, and the rights and power of the Debtors under the Code, this Plan and as the Court may deem necessary; and

(n)     To enter a Final Order closing this Case.

### Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
      (i) imposed by this Plan; or
      (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
      (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
      (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions – None

/s/ Stephen Todd Walker
Stephen Todd Walker

/s/ David B. Smith
David B. Smith, Esquire
SMITH KANE HOLMAN, LLC
112 Moores Road, Suite 300
Malvern, PA 19355
Tel: (610) 407-7217
Fax: (610) 407-7218
dsmith@skhlaw.com
Counsel to the Debtor

# EXHIBIT A

## STEPHEN TODD WALKER
## LIQUIDATION ANALYSIS

| Asset | Value | Lien Amount(s) | Exemption Amount | Equity |
|---|---|---|---|---|
| 611 Rose Lane, Bryn Mawr, PA 19010 | $1,100,000.00 | $471,646.00 $136,446.00 $581,348.00 **$1,189,440.00** | $0 | $0 |
| 1150 Youngsford Road, Gladwyne, PA 19035 | $1,621,654.00 | $547,336.00 $1,200,000.00 1,200,000.00 **$2,077,113.00** | $12,153.70 | $0 |
| 2011 Lexus GX | $14,429.00 | $0 | $4,000.00 | $10,429.00 |
| Various furniture, furnishings and appliances | $12,000.00 | $0 | $12,000.00 | $0 |
| 3 Tvs, 2 computers, phone, laptop | $1,300.00 | $0 | $1,300.00 | $0 |
| 2 sets of golf clubs, bicycle | $500.00 | $0 | $500.00 | $0 |
| Various clothes and clothing | $100.00 | $0 | $100.00 | $0 |
| 1 watch | $5,000.00 | $0 | $1,700.00 | $3,300.00 |
| PNC Bank NA Checking Acct. #0865 | $41.46 | $0 | $41.46 | $0 |
| Republic Bank Checking Acct. #3985 | $40.11 | $0 | $40.11 | $0 |
| First Citizens Community Bank Checking Acct. # 9911 | $153.14 | $0 | $153.14 | $0 |
| Community Bank of DE Checking Acct. #1023 | $615.39 | $0 | $615.39 | $0 |
| PNC Bank Checking Acct. #9594 | $114.09 | $0 | $114.09 | $0 |
| RBC Wealth Management Individual Acct. #3859 | $222.65 | $0 | $222.65 | $0 |
| RBC Wealth Management Joint Acct. #0685 | $59.46 | $0 | $59.46 | $0 |
| Morgan Stanley Capital Partners Funds | Unknown | $0 | $0 | $0 |
| Oppenheimer | Unknown | $0 | $0 | $0 |
| Deutsche Bank/Alex Brown – Special Opportunity Fund, LLC | Unknown | $0 | $0 | $0 |
| Stratosphere, LLC | Unknown | $0 | $0 | $0 |
| Orchid, LLC | $0 | $0 | $0 | $0 |
| Wealth Devil, LLC | $0 | $0 | $0 | $0 |
| Pennstone, LLC | Unknown | $0 | $0 | $0 |

| Asset | Value | Lien Amount(s) | Exemption Amount | Equity |
|---|---|---|---|---|
| Fidelity Brokerage Services IRA | $45.75 | $0 | $45.75 | $0 |
| RBC Wealth Management IRA Acct #5980 | $201.28 | $0 | $201.28 | $0 |
| The Stephen Todd Walker 2004 Irrevocable Trust | $0 | $0 | $0 | $0 |
| Local Tax: possible refund from City of Philadelphia | Unknown | $0 | $0 | Unknown |
| Unliquidated claim against John Schade for defamation, commercial disparagement and tortious interference with a contract | Unknown | $0 | $0 | Unknown |
| Unliquidated claims against Sidkoff, Pincus & Green, PC and Debra Speyer, Esquire | Unknown | $0 | $0 | Unknown |
| TOTALS: | $2,756,456.33 | $3,266,553.00 | $33,247.03 | $13,729.00 |

# EXHIBIT B

# Cash Flow 2020-2023

| | November 2020 | December 2020 | Carry Over From Reserve |
|---|---|---|---|
| Grants & Income | | | |
| Loans | $200,000.00 | $50,000.00 | |
| | | | |
| Gross Fee Income | $37,000.00 | $25,000.00 | |
| Tax Deductions | $12,550.00 | $8,750.00 | |
| Insurance Deductions | $1,042.88 | $1,042.88 | |
| Domestic Relations Deductions | $6,000.00 | $6,000.00 | |
| Net Fee Income | $27,007.12 | $9,207.12 | |
| | | | |
| Total Loan/Net Income | $117,007.12 | $59,207.12 | |
| | | | |
| Disbursements | | | |
| Household expenses | $15,000.00 | $15,000.00 | |
| Income Tax Escrow For Loans | $55,000.00 | $17,500.00 | |
| Reserve - Household Expenses | $0.00 | $0.00 | |
| Domestic Relations Legal | $0.00 | $10,000.00 | |
| | | | |
| Total Disbursements | $50,000.00 | $42,500.00 | |
| | | | |
| Monthly Disposable Income | $67,007.12 | $16,707.12 | |
| | | | |
| Annual Disposable Income | $53,714.24 | | |

| | January 2021 | February 2021 | March 2021 | April 2021 | May 2021 | June 2021 | July 2021 | August 2021 | September 2021 | October 2021 | November 2021 | December 2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Loans & Income | | | | | | | | | | | | |
| Carry Over From Reserve | $53,714 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Loans | $50,000.00 | $50,000.00 | $50,000.00 | $0.00 | $0.00 | $0.00 | $100,000.00 | $100,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| Gross Fee Income | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 |
| Tax Deductions | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 |
| Insurance Deductions | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 |
| Domestic Relations Deductions | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Net Fee Income | $13,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 |
| Total Reserve/Loan/Net Income | $146,583.36 | $79,269.62 | $79,269.62 | $29,269.62 | $29,269.62 | $29,269.62 | $129,269.62 | $129,269.62 | $39,269.62 | $39,269.62 | $39,269.62 | $39,269.62 |
| Disbursements: | | | | | | | | | | | | |
| Household expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Income Tax Escrow For Loans | $17,500.00 | $17,500.00 | $17,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $35,000.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Reserve - Household Expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $35,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Bkt/Domestic Relations Legal | $10,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Disbursements | $57,500.00 | $52,500.00 | $52,500.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $85,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| Monthly Disposable Income | | -$5,730.38 | -$5,730.38 | -$5,730.38 | -$5,730.38 | -$5,730.38 | -$730.38 | -$730.38 | -$730.38 | -$730.38 | -$730.38 | -$730.38 |

| Annual Disposable Income: | $89,488.86 |
|---|---|

| | January 2022 | February 2022 | March 2022 | April 2022 | May 2022 | June 2022 | July 2022 | August 2022 | September 2022 | October 2022 | November 2022 | December 2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Loans & Income** | | | | | | | | | | | | |
| Loans | $200,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | Carry Over From Reserve |
| Gross Fee Income | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 |
| Tax Deductions | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 |
| Insurance Deductions | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 |
| Domestic Relations Deductions | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Net Fee Income | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 |
| Total Reserve/Loan/Net Income | $233,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 |
| **Disbursements** | | | | | | | | | | | | |
| Household expenses | $25,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Income Tax Escrow For Loans | $70,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Reserve - Household Expenses | $5,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Biz/Domestic Relations Legal | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Disbursements | $100,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| Monthly Disposable Income | $133,332.12 | $3,332.13 | $3,332.13 | $3,332.12 | $3,332.12 | $3,332.12 | $3,332.12 | $3,332.13 | $3,332.12 | $3,332.12 | $3,332.12 | $3,332.12 |

Annual Disposable Income: $169,985.44

| | January 2023 | February 2023 | March 2023 | April 2023 | May 2023 | June 2023 | July 2023 | August 2023 | September 2023 | October 2023 | November 2023 | December 2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Loans & Income** | | | | | | | | | | | | |
| Loans | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Carry Over From Reserve |
| Gross Fee Income | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 | $48,750.00 |
| Tax Deductions | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 | $15,313.50 |
| Insurance Deductions | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 |
| Domestic Relations Deductions | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Net Fee Income | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 |
| Total Reserve/Loan/Net Income | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 |
| **Disbursements** | | | | | | | | | | | | |
| Household expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Income Tax Escrow For Loans | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Reserve - Household Expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Bkr/Domestic Relations Legal | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Disbursements | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| Monthly Disposable Income | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 |

Annual Disposable Income    $88,735.44

## Monthly Household Expenses

| | |
|---|---:|
| Wells Fargo Mortgage (and tax escrow) | 7,116 |
| PNC Mortgage | 1,688 |
| PNC Mortgage | 1,264 |
| Chubb Insurance | 230 |
| Chubb Insurance | 644 |
| Travelers Insurance | 568 |
| Auto Expense | 500 |
| Aqua | 400 |
| Xfinity | 250 |
| AT&T | 250 |
| Verizon | 30 |
| PECO | 500 |
| LM Sewer | 60 |
| Excel | 400 |
| Chet Majewski | 100 |
| Living Expenses | 600 |
| | |
| Total | 14,601 |

# EXHIBIT C

### Schedule of Advances

**Advances.** Aegis will advance the funds in accordance with the Amended and Restated Promissory Note (the "Note") to Borrower as follows: (a) $100,000.00 upon obtaining court approval of the Note and related agreements, execution of the Note, and amended term sheet; and (b) the remaining $700,000.00 (the "Remaining Advances") shall occur pursuant to the Advance Formula set forth below, which sets forth the amount of advance based upon Borrower causing the specified amount of cumulative net assets to be placed under management maintained at Aegis and remaining at Aegis in the specified time periods set forth in (1) through (7) below (the "Advance Criteria"), which time periods are calculated from the effective date of Borrower's registration with Aegis, July 14, 2020 (the "Effective Date"):

(a)   Advance Formula.

| Cumulative Net Asset Amount | Advance Amount | Time Period From Effective Date |
|---|---|---|
| (1) $30,000,000.00 | $50,000.00 | Within 11 months |
| (2) $40,000,000.00 | $50,000.00 | Within 11 months |
| (3) $50,000,000.00 | $50,000.00 | Within 11 months |
| (4) $60,000,000.00 | $50,000.00 | Within 11 months |
| (5) $100,000,000.00 | $100,000.00 | Within 13 months |
| (6) $200,000,000.00 | $200,000.00 | Within 19 months |
| (7) $300,000,000.00 | $200,000.00 | Within 25 months |

(b) **Treatment of Any Missed Advances.** Notwithstanding the above advance formula, if Borrower does not become entitled to any of the above advances because Borrower did not satisfy the applicable and corresponding Advance Criteria (a "Missed Advance"), Borrower shall be entitled to recover any such Missed Advance as follows (a "Recovered Advance"):

(i)   If Borrower did not receive any of advance numbers (1) through (4) because he failed to meet the applicable Advance Criteria, but Borrower meets the Advance Criteria for advance number (5), Borrower shall be entitled to any applicable Missed Advance for advance numbers (1) through (4) if achieved within thirteen (13) months.

(ii)   If Borrower did not receive advance number (5) because he failed to meet the applicable Advance Criteria, but Borrower meets the Advance Criteria for advance number (6), Borrower shall be entitled to the Missed Advance for advance number (5) if achieved within nineteen (19) months.

(iii)   If Borrower did not receive advance number (6) because he failed to meet the applicable Advance Criteria, but Borrower meets the Advance Criteria for advance number (7), Borrower shall be entitled to the Missed Advance for advance number (6) if achieved within twenty five (25) months.

Aegis shall have no obligation to make any loan advance that is a Missed Advance that does not become a Recovered Advance, and the face principal amount of the Amended and Restated Promissory Note shall be deemed reduced accordingly.

1

(c) <u>Timing of Advances</u>.  All advances hereunder shall be made no later than five (5) business days after Borrower satisfies any applicable Advance Criteria; provided, however, that advances shall occur no more frequently than every thirty (30) calendar days.  Furthermore, all advances are subject to the additional condition that Borrower maintain all applicable securities industry registrations with Aegis at such time as payment is due.

# EXHIBIT 3

## STEPHEN TODD WALKER
### LIQUIDATION ANALYSIS

| Asset | Value | Lien Amount(s) | Exemption Amount | Equity |
|---|---|---|---|---|
| 611 Rose Lane, Bryn Mawr, PA 19010 | $1,100,000.00 | $471,646.00<br>$136,446.00<br>$581,348.00<br>$1,189,440.00 | $0 | $0 |
| 1150 Youngsford Road, Gladwyne, PA 19035 | $1,621,654.00 | $547,336.00<br>$1,200,000.00<br>1,200,000.00<br>$2,077,113.00 | $12,153.70 | $0 |
| 2011 Lexus GX | $14,429.00 | $0 | $4,000.00 | $10,429.00 |
| Various furniture, furnishings and appliances | $12,000.00 | $0 | $12,000.00 | $0 |
| 3 Tvs, 2 computers, phone, laptop | $1,300.00 | $0 | $1,300.00 | $0 |
| 2 sets of golf clubs, bicycle | $500.00 | $0 | $500.00 | $0 |
| Various clothes and clothing | $100.00 | $0 | $100.00 | $0 |
| 1 watch | $5,000.00 | $0 | $1,700.00 | $3,300.00 |
| PNC Bank NA Checking Acct. #0865 | $41.46 | $0 | $41.46 | $0 |
| Republic Bank Checking Acct. #3985 | $40.11 | $0 | $40.11 | $0 |
| First Citizens Community Bank Checking Acct. # 9911 | $153.14 | $0 | $153.14 | $0 |
| Community Bank of DE Checking Acct. #1023 | $615.39 | $0 | $615.39 | $0 |
| PNC Bank Checking Acct. #9594 | $114.09 | $0 | $114.09 | $0 |
| RBC Wealth Management Individual Acct. #3859 | $222.65 | $0 | $222.65 | $0 |
| RBC Wealth Management Joint Acct. #0685 | $59.46 | $0 | $59.46 | $0 |
| Morgan Stanley Capital Partners Funds | Unknown | $0 | $0 | $0 |
| Oppenheimer | Unknown | $0 | $0 | $0 |
| Deutsche Bank/Alex Brown – Special Opportunity Fund, LLC | Unknown | $0 | $0 | $0 |
| Stratosphere, LLC | Unknown | $0 | $0 | $0 |
| Orchid, LLC | $0 | $0 | $0 | $0 |
| Wealth Devil, LLC | $0 | $0 | $0 | $0 |
| Pennstone, LLC | Unknown | $0 | $0 | $0 |

| Asset | Value | Lien Amount(s) | Exemption Amount | Equity |
|---|---|---|---|---|
| Fidelity Brokerage Services IRA | $45.75 | $0 | $45.75 | $0 |
| RBC Wealth Management IRA Acct #3980 | $201.28 | $0 | $201.28 | $0 |
| The Stephen Todd Walker 2004 Irrevocable Trust | $0 | $0 | $0 | $0 |
| Local Tax: possible refund from City of Philadelphia | Unknown | $0 | $0 | Unknown |
| Unliquidated claim against John Schade for defamation, commercial disparagement and tortious interference with a contract | Unknown | $0 | $0 | Unknown |
| Unliquidated claims against Sidkoff, Pincus & Green, PC and Debra Speyer, Esquire | Unknown | $0 | $0 | Unknown |
| TOTALS: | $2,756,456.33 | $3,266,553.00 | $33,247.03 | $13,729.00 |

# EXHIBIT 4

## Cash Flow 2020-2023

|  | November 2020 | December 2020 | Carry Over From Reserve |
|---|---|---|---|
| Loans & Income |  |  |  |
| Loans | $100,000.00 | $50,000.00 |  |
| Gross Fee Income | $37,200.00 | $25,000.00 |  |
| Tax Deductions | $13,950.00 | $8,750.00 |  |
| Insurance Deductions | $1,042.88 | $1,042.88 |  |
| Domestic Relations Deductions | $6,000.00 | $6,000.00 |  |
| Net Fee Income | $17,007.12 | $9,207.12 |  |
| Total Loan/Net Income | $117,007.12 | $59,207.12 |  |
| Disbursements |  |  |  |
| Household expenses | $15,000.00 | $15,000.00 |  |
| Income Tax Escrow For Loans | $35,000.00 | $17,500.00 |  |
| Reserve - Household Expenses | $0.00 | $0.00 |  |
| Domestic Relations Legal | $0.00 | $10,000.00 |  |
| Total Disbursements | $50,000.00 | $42,500.00 |  |
| Monthly Disposable Income | $67,007.12 | $16,707.12 |  |
| Annual Disposable Income | $83,714.24 |  |  |

| | January 2021 | February 2021 | March 2021 | April 2021 | May 2021 | June 2021 | July 2021 | August 2021 | September 2021 | October 2021 | November 2021 | December 2021 | Carry Over From Reserve |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Loans & Income** | | | | | | | | | | | | | |
| Loans | $50,000.00 | $50,000.00 | $50,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $100,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $83,713.74 |
| Gross Fee Income | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | $31,250.00 | |
| Tax Deductions | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | $10,937.50 | |
| Insurance Deductions | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | |
| Domestic Relations Deductions | $6,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | |
| Net Fee Income | $13,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | $14,269.62 | |
| Total Reserve/Loan/Net Income | $146,983.36 | $79,269.62 | $79,269.62 | $29,269.62 | $29,269.62 | $29,269.62 | $29,269.62 | $129,269.62 | $29,269.62 | $29,269.62 | $29,269.62 | $29,269.62 | |
| **Disbursements** | | | | | | | | | | | | | |
| Household expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | |
| Income Tax Escrow For Loans | $17,500.00 | $17,500.00 | $17,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $35,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Reserve - Household Expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | |
| Buy/Domestic Relations Legal | $10,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Total Disbursements | $57,500.00 | $52,500.00 | $52,500.00 | $35,000.00 | $35,000.00 | $35,000.00 | $30,000.00 | $65,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | |
| Monthly Disposable Income | $89,483.36 | $26,769.62 | $26,769.62 | -$5,730.38 | -$5,730.38 | -$5,730.38 | -$730.38 | $64,269.62 | -$730.38 | -$730.38 | -$730.38 | -$730.38 | |

**Annual Disposable Income:** $186,449.62

| | January 2022 | February 2022 | March 2022 | April 2022 | May 2022 | June 2022 | July 2022 | August 2022 | September 2022 | October 2022 | November 2022 | December 2022 | Carry Over From Reserve |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Loans & Income** | | | | | | | | | | | | | |
| Loans | $15,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| **Gross Fee Income** | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | $37,500.00 | |
| Tax Deductions | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | $13,125.00 | |
| Insurance Deductions | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | |
| Domestic Relations Deductions | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | |
| Net Fee Income | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | $18,332.12 | |
| Total Reserve/Loan/Net Income | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | |
| **Disbursements** | | | | | | | | | | | | | |
| Household Expenses | $15,000.00 | $35,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | |
| Income Tax Escrow For Loans | $70,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Reserve - Household Expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | |
| Bku/Domestic Relations Legal | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Total Disbursements | $100,000.00 | $50,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $40,000.00 | |
| Monthly Disposable Income | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | $33,332.12 | |
| Annual Disposable Income | $169,985.44 | | | | | | | | | | | | |

| | January 2023 | February 2023 | March 2023 | April 2023 | May 2023 | June 2023 | July 2023 | August 2023 | September 2023 | October 2023 | November 2023 | December 2023 | Carry Over From Reserve |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Loans & Income** | | | | | | | | | | | | | |
| Loans | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Gross Fee Income | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | $43,750.00 | |
| Tax Deductions | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | $15,312.50 | |
| Insurance Deductions | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | $1,042.88 | |
| Domestic Relations Deductions | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | |
| Net Fee Income | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | $22,394.62 | |
| **Total Reserve/Loan/Net Income** | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | $37,394.62 | |
| **Disbursements** | | | | | | | | | | | | | |
| Household expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | |
| Income Tax Escrow For Loans | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Reserve - Household Expenses | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | |
| Btw /Domestic Relations Legal | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| **Total Disbursements** | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | |
| **Monthly Disposable Income** | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | $7,394.62 | |

**Annual Disposable Income** $88,735.44

Monthly Household Expenses

| | |
|---|---|
| Wells Fargo Mortgage (and tax escrow) | 7,116 |
| PNC Mortgage | 1,688 |
| PNC Mortgage | 1,264 |
| Chubb Insurance | 230 |
| Chubb Insurance | 644 |
| Travelers Insurance | 568 |
| Auto Expense | 500 |
| Aqua | 400 |
| Xfinity | 250 |
| AT&T | 250 |
| Verizon | 30 |
| PECO | 500 |
| LM Sewer | 60 |
| Excel | 400 |
| Chet Majewski | 100 |
| Living Expenses | 600 |
| | |
| Total | 14,601 |

# EXHIBIT 5

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| STEPHEN TODD WALKER, | : | |
| | : | Case No. 20-13557 (ELF) |
| | : | |
| Debtor. | : | |

## REPORT OF PLAN VOTING

Stephen Todd Walker, the debtor-in-possession ("Debtor"), by and through his counsel, Smith Kane Holman, LLC, respectfully submits Exhibit "A" attached hereto as the summary of the report on the voting of the Debtor's Plan of Reorganization for Small Business Under Chapter 11 dated November 25, 2020 (the "Plan").[1] The results thereof are as follows:

1.    *Class 1(A)* consists of the unsecured, priority claim of Dorothy Schade Walker pursuant to Bankruptcy Code Section 507(a)(1). Class 1(A) is *unimpaired* under the Plan and, thus, deemed to have accepted the Plan. The Debtor did not receive a ballot from the Class 1(A) creditor.

2.    *Class 2(A)* consists of the Secured Claim of Wells Fargo Bank, N.A. by virtue of its mortgage lien on the Bryn Mawr Property. Class 2(A) is *impaired* under the Plan. The Debtor did not receive a ballot from the Class 2(A) creditor.

3.    *Class 2(B)* consists of the Secured Claim of PNC Bank, N.A. by virtue of its mortgage lien on the Bryn Mawr Property. Class 2(B) is *impaired* under the Plan. The Debtor did not receive a ballot from the Class 2(B) creditor.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

4.    *Class 2(C)* consists of the Secured Claim of PNC Bank, N.A. by virtue of its mortgage lien on the Bryn Mawr Property.  Class 2(C) is *impaired* under the Plan.  The Debtor did not receive a ballot from the Class 2(C) creditor.

5.    *Class 2(D)* consists of the Secured Claim of PHH Mortgage Services/HSBC Bank USA, National Association Trustee for Sequoia Mortgage Trust 2007-2 by virtue of its mortgage lien on the Gladwyne Property.  Class 2(D) is *unimpaired* under the Plan and, thus, deemed to have accepted the Plan.  The Debtor did not receive a ballot from the Class 2(D) creditor.

6.    *Class 2(E)* consists of the Secured Claim of Rushmore Loan Management Servicing/Goldman Sachs Mortgage Company by virtue of its mortgage lien on the Gladwyne Property.  Class 2(E) is *unimpaired* under the Plan and, thus, deemed to have accepted the Plan. The Debtor did not receive a ballot from the Class 2(E) creditor.

7.    *Class 2(F)* consists of the Secured Claim of Morgan Stanley Smith Barney, LLC by virtue of its judicial lien on the Gladwyne Property.  Class 2(F) is *unimpaired* under the Plan and, thus, deemed to have accepted the Plan.  The Debtor did not receive a ballot from the Class 2(F) creditor, although the Class 2(F) Creditor, which also has a claim in Class 3, did vote to accept the Plan with its Class 3 Ballot.

8.    *Class 3* consists of General Unsecured Claims.  Class 3 is *impaired* under the Plan.  The Debtor received eight ballots as follows:

a.    The Debtor received six (6) ballots from this Class which voted to *accept* the

Plan[2] as follows: (1) Morgan Stanley Smith Barney[3] claim in the stated amount of

$1,223,334.51;[4] (2) RBC Wealth Management claim in the stated amount of $90,000.00; (3)

Haines & Associates claim in the stated amount of $150,000.00; (4) Noone & Borger, LLC claim

in the stated amount of $53,417.70; (5) American Express National Bank claim in the stated

amount of $4,729.30; and (6) Nancy Walker in the stated amount of $350,000.00.[5]

     b.    The Debtor received two (2) ballots from this Class which voted to reject the

Plan[6] as follows: (1) Discover Financial in the stated amount of $24,210.05;[7] and (2) John and

Marilyn Schade claim in the stated amount of $315,825.10.[8]

     c.    **Accordingly, Class 2 has voted to accept the Plan with 75% of the Class 2**

**voters and 84.6% of the amount of Class 2 Claims which voted (i.e., an aggregate stated**

**dollar amount of $1,871,481.51 of $2,211,516.66 having voted to accept the Plan).**  Copies of

the Ballots are attached hereto as Exhibit "B.".

     9.    *Class 3* consists of the Debtor's Interest in property of the Estate.  Class 3 is

*unimpaired* under the Plan and, thus, deemed to have accepted the Plan.  As a result, the Debtor

did not vote on his Plan.

---

[2] The aggregate amount of claims voting to accept the Plan is $1,871,481.51.

[3] Although the Creditor voted to accept the Debtor's Plan, the Creditor stated that it intended to object to the Plan on the basis that the Creditor believes that the Plan term should be five, not three, years.

[4] The Creditor did not insert the amount of their claim; accordingly, the Debtor used the Creditor's proof of claim amount solely for purposes of calculating its vote. The Debtor also notes that the Debtor believes that a portion of the Creditor's claim will be treated as a Secured Claim in Class 2(F).

[5] The Creditor did not insert the amount of their claim; accordingly, the Debtor used the undisputed amount scheduled by the Debtor.

[6] The aggregate amount of claims voting to reject the Plan is $340,035.15.

[7] The Creditor did not insert the amount of their claim; accordingly, the Debtor used the Creditor's proof of claim amount, which is consistent with the amount scheduled by the Debtor.

[8] On their ballot, the Creditor disputes that they are properly included in Class 3 because they believe that they have a secured claim against the Gladwyne Property. If the Creditor's assertion is correct, the Debtor believes that the Creditor would be a Class 2 Secured Creditor and would be *unimpaired* because they would be paid the full amount of their secured claim (or the secured portion of their claim) from the sale of the Gladwyne Property.

10.     The Debtor intends to seek confirmation of his Plan 11 U.S.C. § 1129(a),

although the Debtor reserves the right to seek confirmation of his Plan under 11 U.S.C. §

1191(b) if the Debtor does not otherwise meet the requirements of 11 U.S.C. §§ 1129(a)(8), (10)

or (15).

                              SMITH KANE HOLMAN, LLC


Dated: January 6, 2021            By: /s/ David B. Smith
                                  David B. Smith, Esquire
                                  112 Moores Road, Suite 300
                                  Malvern, PA 19355
                                  (610) 407-7216 Phone
                                  (610) 407-7218 Fax

                                  Counsel to Debtor-In-Possession

## Exhibit A

**CLASS 1(A) – Dorothy Schade Walker (Unimpaired) – Deemed to Have Accepted the Plan**

| Name | Accept | Reject | Amount |
|------|--------|--------|--------|
| Dorothy Schade Walker | X | | |

**CLASS 2(A) – Wells Fargo Bank, N.A. (Impaired) – Did not vote**

| Name | Accept | Reject | Amount |
|------|--------|--------|--------|
| Wells Fargo Bank, N.A. | | | |

**CLASS 2(B) – PNC Bank, N.A. (Impaired) – Did not vote**

| Name | Accept | Reject | Amount |
|------|--------|--------|--------|
| PNC Bank, N.A. | | | |

**CLASS 2(C) – PNC Bank, N.A. (Impaired) – Did not vote**

| Name | Accept | Reject | Amount |
|------|--------|--------|--------|
| PNC Bank, N.A. | | | |

**CLASS 2(D) – PHH Mortgage Services/ HSBC Bank USA, National Association Trustee for Sequoia Mortgage Trust 2007-2 (Unimpaired) – Deemed to Have Accepted the Plan**

| Name | Accept | Reject | Amount |
|------|--------|--------|--------|
| PHH Mortgage Services/ HSBC Bank USA, National Association Trustee for Sequoia Mortgage Trust 2007-2 | X | | |

**CLASS 2(E) – Rushmore Loan Management Servicing/Goldman Sachs Mortgage Company (Unimpaired) – Deemed to Have Accepted the Plan**

| Name | Accept | Reject | Amount |
|------|--------|--------|--------|
| Rushmore Loan Management Servicing/ Goldman Sachs Mortgage Company | X | | |

**CLASS 1(F) – Morgan Stanley Smith Barney, LLC (Unimpaired) – Deemed to Have Accepted the Plan**

| Name | Accept | Reject | Amount |
|------|--------|--------|--------|
| Morgan Stanley Smith Barney, LLC | X | | |

## CLASS 3 -General Unsecured Claims (Impaired) - Accepted the Plan

| Name | Accept | Reject | Amount |
|---|---|---|---|
| Morgan Stanley Smith Barney | X | | $1,223,334.51 |
| RBC Wealth Management | X | | $   90,000.00 |
| Haines & Associates | X | | $  150,000.00 |
| Noone & Borger, LLC | X | | $   53,417.70 |
| American Express National Bank | X | | $    4,729.30 |
| Nancy Walker | X | | $  350,000.00 |
| Discover Financial | | X | $   24,210.05 |
| John and Marilyn Schade | | X | $  315,825.10 |

## CLASS 3 – Interests – Deemed to Have Accepted the Plan

| Name | Accept | Reject | Amount |
|---|---|---|---|
| Stephen Todd Walker | | | |

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| Debtor | : | |

## Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of Dollars ($          )

*Check one box only*

☒  Accepts the plan

☐  Rejects the plan

Dated: _December 29, 2020_

Print or type name: _Ira N. Glauber, Counsel for Morgan Stanley_

Signature: _Ira N. Glauber_ Title (if corporation or partnership) _Attorney_

Address: _Dilworth Paxson LLP_
_99 Park Avenue, Suite 320_
_New York, New York 10016_

---

Return this ballot to:

David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| Debtor | : | |

## Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

### Acceptance or Rejection of the Plan

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of Dollars ($90,000 )

*Check one box only*

☑ **Accepts the plan**

☐ **Rejects the plan**

Dated: _12-30-2020_

Print or type name: _Casey Jarchow (for RBC Wealth Management)_

Signature: _Casey Jarchow_ ___ Title (if corporation or partnership) _Senior Counsel_

Address: _60 South Sixth St._
_Minneapolis, MN 55402_

Return this ballot to:

**David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| Debtor | : | |

# Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of Dollars ($150,000)

*Check one box only*

☒ Accepts the plan

☐ Rejects the plan

Dated: _____ December 31, 2020 _____

Print or type name: _____ Clifford E. Haines _____

Signature: *Clifford E. Haines* _____ Title (if corporation or partnership) _____

Address: _____ Haines & Associates _____
_____ The Widner Bldg.- 5th Floor _____
_____ Philadelphia, PA 19107 _____

Return this ballot to:

David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| Debtor | : | |

## Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of fifty-three

thousand four hundred twenty seven dollars and seventy cents ($53,427.70).

*Check one box only*

☒  **Accepts the plan**

☐  **Rejects the plan**

Dated:        December 29, 2020

Print or type name:  Noone & Borger, LLC

Signature:  _____  Title (If corporation or partnership)  Partner

Address:        32 South Church Street
                West Chester, PA 19382

**Return this ballot to:**

David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| Debtor | : | |

## Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

### Acceptance or Rejection of the Plan

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of Dollars ($ 4,729.30   )

Account Ending: 7000

*Check one box only*

[X]  **Accepts the plan**

[ ]  **Rejects the plan**

Dated:   December 21, 2020

Print or type name:   American Express National Bank

Signature:   *Dawn S. Gorman For*                            Title (if corporation or partnership)   Attorney/Agent for creditor
Kenneth W. Kleppinger

Address:   c/o Becket & Lee LLP

PO Box 3001

Malvern, PA 19355

**Return this ballot to:**

**David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| STEPHEN TODD WALKER | Case No. 20-13557 (ELF) |
| Debtor | |

# Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of Dollars ($         )

*Check one box only*

☑  Accepts the plan

☐  Rejects the plan

Dated: _12/31/20_

Print or type name: _Nancy W. Walker_

Signature: _Nancy W. Walker_                Title (if corporation or partnership) _____

Address: _840 Montgomery Ave. apt. 802_
_Bryn Mawr, PA 19016_

**Return this ballot to:**

David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| Debtor | : | |

## Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

### Acceptance or Rejection of the Plan

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of Dollars ($         )

*Check one box only*

☐ **Accepts the plan**

☒ **Rejects the plan**

Dated: 12/8/20

Print or type name: Chris Donohue

Signature: CDonoh                        Title (if corporation or partnership) _____

Address: Dignofor Financial
PO Box 3025
New Albany OH 43054

**Return this ballot to:**

**David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| Debtor | : | |

# Class [3] Ballot for Accepting or Rejecting Plan of Reorganization

Stephen Todd Walker filed a plan of reorganization dated November 25, 2020 (the *Plan*) for the Debtor in this case.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class [3] under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by counsel to the Debtor, David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355 on or before December 31, at 5:00 p.m., and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class [3] claim against the Debtor in the unpaid amount of Dollars ($315,825.10)*

*Responding creditors dispute that they are properly in Class 3, as they have filed a secured claim.*

*Check one box only*

☐ Accepts the plan

☒ Rejects the plan

Dated:    12-30-2020

Print or type name:    Joshua C. Quinter, Esquire, attorney for John E. Schade and Marilyn Schade (h/w)

Signature:    /s/ Joshua C. Quinter                    Title (if corporation or partnership) _____

Address:    Offit Kurman, P.C.
            401 Plymouth Road, Suite 100
            Plymouth Meeting, PA  19462

Return this ballot to:

David Smith, Esquire at Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355

# EXHIBIT 6

**Amended Plan Not Yet Filed**

# EXHIBIT 7

**Amended Cash Flow Projections Not Yet Filed**

# EXHIBIT 8

## STEPHEN TODD WALKER - BUSINESS AND CONSUMER DEBT ANALYSIS

### Business Debt

| *Creditor* | *Amount* |
|---|---|
| Morgan Stanley Smith Barney LLC | $1,200,000.00 |
| Pennsylvania Department of Revenue | $10,739.86 |
| Haines & Associates | $100,000.00 |
| RBC | $896,442.12 |
| Winget, Spadafora & Schwartzberg, LLP | $5,000.00 |
| PHH Mortgage Services | $547,336.00 |
| Rushmore Loan Mgmt. Srvc. | $329,777.00 |
| Nancy Walker (estimated allocation) | $175,000.00 |
| Sidkoff, Pincus & Green P.C. | $340,000.00 |
| Amex | $3,494.00 |
| **TOTAL:** | **$3,607,788.98** |

### Consumer Debt

| *Creditor* | *Amount* |
|---|---|
| Lower Merion Township | $139.00 |
| Wells Fargo Home Mortgage | $581,348.00 |
| Dorothy Walker | $170,000.00 |
| Deborah Zitomer, Esquire, LLC | $100,000.00 |
| PNC Mortgage | $471,646.00 |
| PNC Mortgage | $136,446.00 |
| Bank of America | $33,116.00 |
| Barclay's Bank Delaware | $64,075.00 |
| Business Consulting Group, LLC | $20,000.00 |
| Discover Financial | $24,210.00 |
| John and Marilyn Schade | $315,825.10 |
| Nancy Walker (estimated allocation) | $175,000.00 |
| Noone and Borger, LLC | $30,000.00 |
| Republic Bank | $975.00 |
| **TOTAL:** | **$2,122,780.10** |

## Notes For Business and Consumer Debt Analysis

1. The amounts used for the Analysis were as scheduled by the Debtor with the exception of the claim of Sidkoff, Pincus & Green, P.C., which was schedule by the Debtor as "unknown." For purposes of this Analysis, the Debtor used in this instance only the creditor's proof of claim amount.

2. Some of the claims, as scheduled, were listed as "disputed;" nevertheless, for purposes of this Analysis only, the Debtor listed all claims as scheduled, but reserves the right to challenge whether or not they are properly considered in the determination of a "small business debtor."

# EXHIBIT 9

### Secured and Priority Claims Summary

| Type of Claim | Claimant | Amount |
|---|---|---|
| Class 1 – §507(a)(1) Claims | Dorothy Schade Walker<br>- Child Support - $18,617<br>- Alimony - $42,500 | $64,117 |
| Administrative Expenses | Smith Kane Holman, LLC - $93,000 (93%)<br>Richard Furtek - $7,000 (7%) | $100,000 |
| Priority Tax Claims | Internal Revenue Service - $26,923 (76%)<br>PA Dept. of Revenue - $8,500 (24%) | $35,423 |
| Class 2A –<br>Wells Fargo Arrearage | Wells Fargo Bank, N.A. | $77,870 |
| Class 2B –<br>PNC Arrearage (1) | PNC Bank, N.A. | $2,578 |
| Class 2C –<br>PNC Arrearage (2) | PNC Bank, N.A. | $3,426 |