

DIRECT DIAL NUMBER:  
(917) 675-4252

Ira N. Glauber  
iglauber@dilworthlaw.com

March 8, 2021

**Via Email**
The Honorable Eric L. Frank
United States Bankruptcy Court
Eastern District of Pennsylvania
Robert N.C. Nix Sr. Federal Courthouse
900 Market Street, Suite 201
Philadelphia, PA 19107

      RE:    **Stephen Todd Walker Bankruptcy Case No. 20-13557 (ELF)**

Dear Judge Frank:

    I am counsel for Morgan Stanley Smith Barney in the above-referenced bankruptcy of Stephen Todd Walker. I am writing to request that the court schedule a conference to address an issue that has come up regarding sale of the debtor's property in Gladwyne, Pennsylvania, which is the debtor's principal asset having equity.

    Pursuant to the debtor's plan of reorganization currently under review by the Court, Morgan Stanley's secured claim is to be paid out of the equity that remains from sale of the Gladwyne property. Morgan Stanley has requested that the debtor reduce the listing price of the property in order to get the property sold, but the debtor has refused to do that. The following are the facts of this issue.

    The Gladwyne property consists of an 8,000 square foot house on 1.5 acres whose interior was never completed except for the basic framing. It has been on the market for sale for the past three years but never sold because it was listed for sale at an overly high price. The debtor's December 1, 2020 motion for approval to sell the Gladwyne property (Docket No. 83, p. 3) sets forth the following history of its listing prices:

> "Prior to the Petition Date, the Property was listed by the Debtor through realtors different than the [current] Broker as follows: (a) February of 2018—list price of $2,500,000; (b) July of 2018—list price of $2,490,000; (c) February of 2019—list price of $2,299,000; (d) April of 2019—list price of $1,995,000; and (e) September of 2019—list price of $1,795,000 (after which the property was de-listed and then re-listed in March of 2020 at the same list price of $1,795,000).

> Once employed in the case the [current] Broker listed the Property at $1,750,000, which the Broker believes was an appropriate valuation based upon present market conditions as well as the unsuccessful prior efforts to sell the Property since 2018.

Hon. Eric L. Frank
March 8, 2021
Page 2

       With the foregoing background in mind, the Debtor wishes to seek approval of the Agreement, which contemplates a sale price of $1,700,000."

       As the court may recall, the sale of the Gladwyne property for $1,700,000 million fell through in the first week of January this year.  The debtor then put the property back on the market for sale at the same listing price as before, $1,750,000.  The debtor has not received any offers to purchase the property.

       Given that the Gladwyne property has been on the market for more than three years without a sale, Morgan Stanley believes that the property will not sell unless the listing price is substantially reduced. I spoke with debtor's counsel, David Smith, on January 28, 2021 to request a reduction in the listing price, and followed up this request with emails on February 1 and 2.  In an email to me on February 2nd, Mr. Smith said that the debtor would reduce the listing price, but this never happened.  On February 9 and 10, I again emailed Mr. Smith asking for a listing price reduction, but got no response. I emailed him again on February 17, and again was verbally told that the listing price would be reduced, but again this did not happen. Finally, on February 26, 2021, I sent an email to Mr. Smith stating that unless the listing price is reduced to $1,600,000 by March 2nd, I would be forced to bring this to the attention of the court.  I discussed this with Mr. Smith on March 3rd and 4th, and he said that he would talk to his client about this and get back to me, but he has not done so.

       As the court can see, my attempts to work this issue out with Mr. Smith were not successful, and all that I have gotten from him was the "run around."  I also spoke to the Subchapter V trustee, Mr. Furtek, on March 4th, who said that he would talk to Mr. Smith about it, but I still did not hear back from Mr. Smith.  There is no legitimate reason why the debtor would oppose a reduction in the listing price.  Indeed, the debtor has an obligation, as a fiduciary of the creditors, to ensure that the house sells, as provided for in the Plan, so that the creditors can get paid.  *See, e.g.*, *In re Insulfoams, Inc.*, 184 B.R. 694, 702 (Bankr. W.D. Pa. 1995), *subsequently aff'd sub nom. Donaldson v. Bernstein*, 104 F.3d 547 (3d Cir. 1997) ("There are a plethora of cases holding that a debtor-in-possession owes a fiduciary duty to creditors of the bankruptcy estate."); *In re Interstate Sav. Inc.*, No. 95-11365DWS, 1997 WL 812682, at *4 (Bankr. E.D. Pa. Dec. 19, 1997) ("debtor-in possession has a fiduciary duty to creditors"). The debtor has no right to any portion of the proceeds from the sale, and he should not care what the property sells for. He may be refusing to reduce the listing price out of pure spite towards Morgan Stanley or for something else, but whatever the reason, the debtor has no right to prevent Morgan Stanley, as secured creditor, from determining the listing price for the property. Moreover, the debtor has never provided any support, such as a current professional appraisal that takes into account all the circumstances (such as the buyer that backed out), for listing the house at $1,750,000.  Therefore, I am requesting a conference with the court in the hope that Your Honor will assist the parties reach a resolution of this issue.

                                                     Very truly yours,

                                                     Ira N. Glauber

Hon. Eric L. Frank
March 8, 2021
Page 3

cc:   David B. Smith, Esq. (counsel for the debtor)
     Matthew A. Hamermesh, Esq. (counsel for Dorothy Walker)
     Richard E. Furtek (Sub. Ch. V Trustee)
     Karen Corbett (counsel for the Schades)
     Andrew L. Spivack (counsel for HSBC, N.A.)
     Charles Griffin Wohlrab (counsel for Goldman Sachs Mortgage Company)