UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| STEPHEN TODD WALKER | : | Case No. 20-13557 (ELF) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER ESTABLISHING EFFECTIVE DATE OF DEBTOR'S CONFIRMED
FIRST AMENDED PLAN AND IMPLEMENTING CERTAIN TECHNICAL
MODIFICATIONS THERETO**

AND NOW, this ____ day of June, 2021, upon consideration of the proposed relief requested herein, the Court has reviewed the following relevant background:

A. By virtue of that certain Order Confirming Plan dated April 30, 2021 (*Dkt. No. 164*) (the "Confirmation Order") this Court confirmed the Debtor's First Amended Plan of Reorganization for Small Business Under Chapter 11 (the "Amended Plan") filed on February 11, 2021 (*Dkt. No. 146*).

B. Pursuant to Section 8.02 of the Amended Plan, the "Effective Date" thereof is defined as "the first day of the month following the latter of (1) the date that is 14 days after the entry of the confirmation order or (2) the date when the Debtor has sufficient cash on hand to pay in full all allowed Class 1 Priority Claims."

C. Given that the Confirmation Order was entered on April 30, 2021, under the first part of the Effective Date language, the Amended Plan would go effective on June 1, 2021 (i.e., the first date of the month following May 15, 2021, which was the first date that was after the 14th day after the Confirmation Order).

D.  As to the second part of the Effective Date language, the only Class 1 Priority Claim is the claim of Dorothy Walker pursuant to Section 507(a)(1), which claim counsel to the Debtor and counsel to Ms. Walker calculated to be ***$69,117.04***.

E.  As of June 1, 2021, the Debtor paid his "Disposable Income" to the Subchapter V Trustee (the "Trustee") in the amount of ***$67,857.12***, which after the Trustee deducts the permitted $400 monthly fee provided for in the Amended Plan leaves ***$67,457.12*** available for distribution, which is $1,659.92 short (the "Shortfall") of the amount required to pay in full Ms. Walker's Class 1 Priority Claim and thereby the amount needed for the Amended Plan to go effective.

F.  Nevertheless, Ms. Walker has agreed to accept the initial payment of $67,457.12 to allow the plan to go effective so long as the Shortfall is carried over and continues to maintain its identity as a Section 507(a)(1) claim and therefore paid prior to all other claims under the Amended Plan.

G.  Furthermore, subsequent to the Confirmation Order being entered, the Office of the United States Trustee raised several technical points that were overlooked by the Amended Plan.

H.  First, because the Confirmation Order confirmed the Amended Plan under 11 U.S.C. § 1191(a), pursuant to Section 1183(c)(1) the duties of the Trustee statutorily terminate upon substantial consummation of the Amended Plan. The Amended Plan is technically at odds with Section 1183(c)(1) insofar as it provides that the Trustee will remain in the capacity as the Subchapter V Trustee for the entire duration of the Plan (i.e., beyond the mere substantial consummation of the Amended Plan) to provide monitoring and distribution services for the ongoing benefit of the Estate.

I.	Second, Article 7 of the Amended Plan requires post-confirmation distribution reporting, but the Amended Plan does not expressly address the applicability of Local Bankruptcy Rule 3021-1 (Post-Confirmation Distribution Report).

Upon consideration of the above, it is hereby ORDERED as follows:

1.	The Effective Date of Amended Plan is the date of the Order Date (as defined in Section 5 below).

2.	The Amended Plan is hereby modified such that pursuant to Section 1183(c)(1), the Trustee's duties as a Subchapter V Trustee have terminated upon the Effective Date, but Richard Furtek will continue to fulfill his responsibilities under the Amended Plan as a "Disbursing Agent," not as a Subchapter V Trustee, notwithstanding Local Bankruptcy Rule 2010-1(a).  References to the Subchapter V Trustee's responsibilities post-confirmation to implement the terms of the Amended Plan shall be deemed to refer to the Subchapter V Trustee in his capacity as the "Disbursing Agent," not in his role as the pre-confirmation Subchapter V Trustee.

3.	Furthermore, it is hereby ordered that the Disbursing Agent is not required to comply with the Post-Confirmation Distribution Reports set forth in Local Bankruptcy Rule 3021-1 given that the Article 7 of the Amended Plan provides for adequate post-confirmation reporting.

4.	Notwithstanding the requirement that the Section 507(a)(1) claim of Dorothy Walker be paid in full for the Effective Date to occur, by the consent of Ms. Walker, the Disbursing Agent shall pay the sum of *$67,457.12* to Ms. Walker, and the Shortfall, to the ongoing extent owing, shall maintain its identity as a Section 507(a)(1)

claim with priority over all other claims (except for the Disbursing Agent's monthly fee of $400) until paid in full.

5.  Given the procedural context in which this Order was submitted to the Court, all parties receiving electronic notice[1] of this proposed order shall have seven calendar days from the date that this Order is entered to file a written objection to the relief set forth above, and if a timely written objection is filed, the Court will schedule a hearing to allow any such objecting party to be heard.  In the absence of the filing of a timely written objection, this Order shall become effective automatically upon the eighth calendar day after the date hereof (the "Order Date").

6.  Given that the Court finds that the above modifications to the Amended Plan are not substantive and, instead, merely technical, the Court finds that the dictates of Bankruptcy Code Section 1193(b) requiring notice and a hearing to be unnecessary and inapplicable and/or that the procedure established pursuant to Section 5 above satisfies any such notice and hearing requirement.

BY THE COURT:

_____
Eric L. Frank
United States Bankruptcy Judge

---

[1] The only party on the Clerk's Service List who does not get electronic notice is the Debtor's accountant, who, while probably having no interest in this proposed order, will receive an e-mail copy thereof from Debtor's counsel.  Accordingly, all parties who are entitled to notice of the within order will receive notice upon its filing.