UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| STEPHEN TODD WALKER, | : | |
| | : | Case No. 20-13557 (ELF) |
| | : | |
| Debtor. | : | |
| | : | |

# **O R D E R**

AND NOW, this **22nd day of December, 2021**, upon consideration of the Debtor's Combined Motion

  (1) Pursuant To Sections 1123(a)(5)(D) And 1146(a) Of The Bankruptcy Code Approving An Asset Sale Agreement And Authorizing The Sale Of The Debtor's Property Located At 1150 Youngsford Road, Gladwyne, Pa Pursuant To A Confirmed Plan Free And Clear Of All Liens, Claims, Encumbrances And Interests And Free Of Transfer Tax,

  (2) Partially Avoiding A Certain Judicial Lien On The Basis That It Impairs The Debtor's Exemptions Under Section 522(f)(1)(A) And Is Partially Unsecured Under Section 506(a) Of The Bankruptcy Code,

  (3) Determining That A Tax Lien Is Fully Unsecured Under 506(a) Of The Bankruptcy Code;

  (4) Avoiding A So-Called Equitable Mortgage Under Bankruptcy Code Sections 506(a) And 522(f)(1)(A); and

  (5) Allowing And Paying A Claim Under 506(c) Of The Bankruptcy Code For Preserving And Disposing Of Property Of The Estate ("the Motion"),

(the "Sale Motion") (Doc. #'s 195-96)  (capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Sale Motion),

 **AND**, the responses thereto;

 **AND**, after a hearing;

 **AND**, with the consent of the interested parties;

**AND**, for the reasons stated in court;

**IT IS HEREBY ORDERED**:

1. The relief requested in the Sale Motion is **GRANTED**.

2. The Agreement and the transactions contemplated thereby are **APPROVED** and the Debtor is authorized to enter into, and to perform his obligations under, the Agreement and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of the Agreement.

3. The Debtor is authorized pursuant to the Debtor's Plan and Sections 1123(a)(5)(D) of the Bankruptcy Code, to sell the Property to the Purchaser.

4. Subject to Paragraph 10 below, the sale of the Property shall be **free and clear of any and all liens, claims, encumbrances and interest**s, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all same to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Property, subject to all claims and defenses the Debtor may possess with respect thereto.

5. The Debtor's claim of exemption in the amount of **$12,153.70** is **ALLOWED**.

6. Pursuant to 11 U.S.C. §522(f), the judgment lien of Morgan Stanley Smith Barney, LLC ("Morgan Stanley") is **PARTIALLY AVOIDED** to the extent of the Debtor's exemption allowed under Paragraph 4.

7. The §506(c) claim of Debtor's counsel, Smith Kane Holman, LLC is **ALLOWED** in the amount of **$15,000.00**.

8. The PA Tax Lien is **DETERMINED** to be wholly unsecured with respect to the Property pursuant to 11 U.S.C. § 506(a) in the context of this sale, but not with respect to any other property of the Debtor.

9. The Schades Lis Pendens and the Schades Equitable Mortgage are hereby **AVOIDED** in their entirety pursuant to 11 U.S.C. §§ 506(a) and 522.

10. The following claims or obligations shall be paid at closing on the sale of the Property:

    (a) normal and customary closing costs borne by the seller of real estate;

    (b) any outstanding domestic relations obligations that must be paid under applicable law to convey clear title to the Property;

    (c) all amounts owing to the first mortgage holder on the Property, PHH Mortgage Servies/ HSBC Bank USA, National Association, Trustee for Sequoia Mortgage Trust 2007-2;

    (d) all amounts owing to the second mortgage holder on the Property, Rushmore Loan Management Servicing/Goldman Sachs Mortgage Company;

    (e) the Debtor's allowed exemption of **$12,153.70**;

    (f) the Section 506(c) claim of Smith Kane Holman, LLC in the amount of **$15,000.00**;

    (g) all remaining sums payable to Morgan Stanley on account of its judgment lien against the Property.

11. This Order shall be binding upon and govern the acts of all persons or entities, including without limitation, all filing agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law to accept, file, register, or otherwise record or release any documents or instruments. The Purchaser's title company and insurer are permitted to rely upon this Order to effect a release of all liens, claims and encumbrances without the necessity of the provision or recordation of actual lien releases

provided by the respective lienholders on the Property.

12. The sale of the Property to the Purchaser under the Agreement will constitute a transfer for reasonably-equivalent value and fair consideration under the Bankruptcy Code and all applicable law.

13. The Purchaser is hereby granted and is entitled to the protections provided to a good faith purchaser under Section 363(m) of the Bankruptcy Code regardless of whether or not Section 363(m) is applicable to the sale.

14. This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Debtor and the Purchaser, and their respective successors and assigns, including without limitation, any Chapter 11 trustee hereinafter appointed for any of the Debtor's estate or any trustee appointed in a Chapter 7 case if the case is converted from Chapter 11.

15. The stay provided in Fed. R. Bankr. P. 6004(h) shall not apply and, in the absence of any entity obtaining a stay pending appeal, the Debtor and the Purchaser are free to close under the Agreement.

16. In the absence of any entity obtaining a stay pending appeal, if the Debtor and the Purchaser close under the Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protection of Section 363(m) of the Bankruptcy Code or otherwise as to all aspects of the transactions pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

17. The Purchaser is not a successor to the Debtor or his estates by reason of any theory of law or equity and the Purchaser shall not assume or in any way be responsible for any liability or obligation of the Debtor and/or his estate, except as otherwise expressly provided in the Agreement and related documents.

18. The Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and the Purchaser without further action of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to and effectuates the Agreement.

19. The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to closing.

20. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, this Order shall govern and control.

21. Since the sale of the Property is occurring pursuant to the Debtor's Plan, which was confirmed by order of this Court on April 30, 2021 at Docket No. 164, the sale of the Property is **EXEMPT** pursuant to Bankruptcy Code Section 1146(a) from any and all applicable transfer tax.

**Dated:  December 22, 2021**

_____
**ERIC L. FRANK**
**UNITED STATES BANKRUPTCY JUDGE**