United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-13557-elf |
| Stephen Todd Walker | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Dec 23, 2021 | Form ID: pdf900 | Total Noticed: 11 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 25, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Stephen Todd Walker, 611 Rose Lane, Bryn Mawr, PA 19010-3644 |
| aty | + | SMITH KANE HOLMAN LLC, 112 Moores Road Ste 300, Malvern, PA 19355-1002 |
| acc | | Beucler, Kelly & Irwin, Ltd., 125 Strafford Avenue, Suite 116, Wayne, PA 19087-3388 |
| r | + | Damon Michels, Fox & Roach Realtors, 854 Montgomery Avenue, Narberth, PA 19072-1939 |
| cr | | John E. Schade, 1020 Rickerts Road, Hilltown, PA 18927 |
| NONE | | Marilyn E., 1020 Rickerts ROad, Hilltown, PA 18927 |
| cr | | Marilyn Schade, 1020 Rickerts Road, Hilltown, PA 18927 |
| cr | + | Noone & Borger, LLC, 32 South Church Street, West Chester, PA 19382-3221 |
| cr | + | Sidkoff, Pincus & Green, P.C., Sidkoff, Pincus & Green, P.C, 1101 Market Street, 27th Floor, Phila.,, PA 19107-2927 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion03.ph.ecf@usdoj.gov | Dec 23 2021 22:54:00 | United States Trustee, 200 Chestnut Street, Suite 502, Philadelphia, PA 19106-2908 |
| NONE | Email/Text: RVSVCBICNOTICE1@state.pa.us | Dec 23 2021 22:54:00 | Commonwealth of Pennsylvania Department of Revenue, Bureau of Compliance, Dept. 280946, Harrisburg, PA 17128-0946 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Dec 25, 2021 | Signature: | /s/Joseph Speetjens |

# CM/ECF NOTICE OF ELECTRONIC FILING

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 3 |
| Date Rcvd: Dec 23, 2021 | Form ID: pdf900 | Total Noticed: 11 |

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 23, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | on behalf of Creditor HSBC BANK USA  NATIONAL ASSOCIATION AS TRUSTEE FOR SEQUOIA MORTGAGE TRUST 2007-2 andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| ANDREW L. SPIVACK | on behalf of Creditor HSBC Bank USA  National Association et al andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| ANDREW L. SPIVACK | on behalf of Creditor BANK OF AMERICA  N.A. andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| CAROL E. MOMJIAN | on behalf of Commonwealth of Pennsylvania Department of Revenue cmomjian@attorneygeneral.gov |
| CHARLES GRIFFIN WOHLRAB | on behalf of Creditor GOLDMAN SACHS MORTGAGE COMPANY cwohlrab@raslg.com |
| DAVE P. ADAMS | on behalf of U.S. Trustee United States Trustee dave.p.adams@usdoj.gov |
| DAVID B. SMITH | on behalf of Debtor Stephen Todd Walker dsmith@skhlaw.com  b.dr70286@notify.bestcase.com |
| DAVID B. SMITH | on behalf of Defendant Stephen Todd Walker dsmith@skhlaw.com  b.dr70286@notify.bestcase.com |
| DAVID B. SMITH | on behalf of Attorney SMITH KANE HOLMAN LLC dsmith@skhlaw.com  b.dr70286@notify.bestcase.com |
| ERIK L. COCCIA | on behalf of Creditor Morgan Stanley Smith Barney  LLC ecoccia@dilworthlaw.com |
| IRA A. GLAUBER | on behalf of Creditor Morgan Stanley Smith Barney  LLC iglauber@dilworthlaw.com |
| JEROME B. BLANK | on behalf of Creditor HSBC BANK USA  NATIONAL ASSOCIATION AS TRUSTEE FOR SEQUOIA MORTGAGE TRUST 2007-2 paeb@fedphe.com |
| JOSHUA C. QUINTER | on behalf of Plaintiff Marilyn Schade jquinter@offitkurman.com  tkerns@offitkurman.com |
| JOSHUA C. QUINTER | on behalf of Creditor Marilyn Schade jquinter@offitkurman.com  tkerns@offitkurman.com |
| JOSHUA C. QUINTER | on behalf of Plaintiff John E. Schade jquinter@offitkurman.com  tkerns@offitkurman.com |
| JOSHUA C. QUINTER | on behalf of Creditor John E. Schade jquinter@offitkurman.com  tkerns@offitkurman.com |
| KARIN CORBETT | on behalf of Creditor John E. Schade kcorbett@offitkurman.com  cballasy@offitkurman.com;maleeah.casey@offitkurman.com |
| KARIN CORBETT | on behalf of Marilyn E. kcorbett@offitkurman.com  cballasy@offitkurman.com;maleeah.casey@offitkurman.com |
| KARIN CORBETT | on behalf of Creditor Marilyn Schade kcorbett@offitkurman.com  cballasy@offitkurman.com;maleeah.casey@offitkurman.com |
| KARIN CORBETT | on behalf of Plaintiff John E. Schade kcorbett@offitkurman.com  cballasy@offitkurman.com;maleeah.casey@offitkurman.com |
| KARIN CORBETT | on behalf of Plaintiff Marilyn Schade kcorbett@offitkurman.com  cballasy@offitkurman.com;maleeah.casey@offitkurman.com |
| LARRY M. KELLER | on behalf of Creditor Sidkoff  Pincus & Green, P.C. lmk@sidkoffpincusgreen.com |
| MARIO J. HANYON | on behalf of Creditor BANK OF AMERICA  N.A. wbecf@brockandscott.com, mario.hanyon@brockandscott.com |
| MATTHEW A. HAMERMESH | on behalf of Interested Party Dorothy Walker mhamermesh@hangley.com ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com |
| MATTHEW J. BORGER | on behalf of Creditor Noone & Borger  LLC matt@nooneborger.com |

District/off: 0313-2 | User: admin | Page 3 of 3
Date Rcvd: Dec 23, 2021 | Form ID: pdf900 | Total Noticed: 11

| Name | Details |
|---|---|
| REBECCA ANN SOLARZ | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com |
| RICHARD E. FURTEK, CPA | on behalf of Trustee RICHARD E. FURTEK CPA rfurtek@furtekassociates.com, cref11@trustesolutions.net |
| RICHARD E. FURTEK, CPA | rfurtek@furtekassociates.com cref11@trustesolutions.net |
| ROBERT M. GREENBAUM | on behalf of Debtor Stephen Todd Walker rgreenbaum@skhlaw.com rgreenbaum@skhlaw.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| YONIT A. CAPLOW | on behalf of Creditor Morgan Stanley Smith Barney LLC ycaplow@dilworthlaw.com, cchapman-tomlin@dilworthlaw.com,cct@dilworthlaw.com;mdolan@dilworthlaw.com |

TOTAL: 31

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| STEPHEN TODD WALKER, | : | Case No. 20-13557 (ELF) |
| Debtor. | : | |

# O R D E R

AND NOW, this **22nd day of December, 2021**, upon consideration of the Debtor's Combined Motion

    (1)  Pursuant To Sections 1123(a)(5)(D) And 1146(a) Of The Bankruptcy Code Approving An Asset Sale Agreement And Authorizing The Sale Of The Debtor's Property Located At 1150 Youngsford Road, Gladwyne, Pa Pursuant To A Confirmed Plan Free And Clear Of All Liens, Claims, Encumbrances And Interests And Free Of Transfer Tax,

    (2)  Partially Avoiding A Certain Judicial Lien On The Basis That It Impairs The Debtor's Exemptions Under Section 522(f)(1)(A) And Is Partially Unsecured Under Section 506(a) Of The Bankruptcy Code,

    (3)  Determining That A Tax Lien Is Fully Unsecured Under 506(a) Of The Bankruptcy Code;

    (4)  Avoiding A So-Called Equitable Mortgage Under Bankruptcy Code Sections 506(a) And 522(f)(1)(A); and

    (5)  Allowing And Paying A Claim Under 506(c) Of The Bankruptcy Code For Preserving And Disposing Of Property Of The Estate ("the Motion"),

(the "Sale Motion") (Doc. #'s 195-96) (capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Sale Motion),

    **AND**, the responses thereto;

    **AND**, after a hearing;

    **AND**, with the consent of the interested parties;

-1-

**AND**, for the reasons stated in court;

**IT IS HEREBY ORDERED**:

1. The relief requested in the Sale Motion is **GRANTED**.

2. The Agreement and the transactions contemplated thereby are **APPROVED** and the Debtor is authorized to enter into, and to perform his obligations under, the Agreement and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of the Agreement.

3. The Debtor is authorized pursuant to the Debtor's Plan and Sections 1123(a)(5)(D) of the Bankruptcy Code, to sell the Property to the Purchaser.

4. Subject to Paragraph 10 below, the sale of the Property shall be **free and clear of any and all liens, claims, encumbrances and interest**s, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all same to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Property, subject to all claims and defenses the Debtor may possess with respect thereto.

5. The Debtor's claim of exemption in the amount of **$12,153.70** is **ALLOWED**.

6. Pursuant to 11 U.S.C. §522(f), the judgment lien of Morgan Stanley Smith Barney, LLC ("Morgan Stanley") is **PARTIALLY AVOIDED** to the extent of the Debtor's exemption allowed under Paragraph 4.

7. The §506(c) claim of Debtor's counsel, Smith Kane Holman, LLC is **ALLOWED** in the amount of **$15,000.00**.

8. The PA Tax Lien is **DETERMINED** to be wholly unsecured with respect to the Property pursuant to 11 U.S.C. § 506(a) in the context of this sale, but not with respect to any other property of the Debtor.

9. The Schades Lis Pendens and the Schades Equitable Mortgage are hereby **AVOIDED** in their entirety pursuant to 11 U.S.C. §§ 506(a) and 522.

10. The following claims or obligations shall be paid at closing on the sale of the Property:

    (a) normal and customary closing costs borne by the seller of real estate;

    (b) any outstanding domestic relations obligations that must be paid under applicable law to convey clear title to the Property;

    (c) all amounts owing to the first mortgage holder on the Property, PHH Mortgage Servies/ HSBC Bank USA, National Association, Trustee for Sequoia Mortgage Trust 2007-2;

    (d) all amounts owing to the second mortgage holder on the Property, Rushmore Loan Management Servicing/Goldman Sachs Mortgage Company;

    (e) the Debtor's allowed exemption of **$12,153.70**;

    (f) the Section 506(c) claim of Smith Kane Holman, LLC in the amount of **$15,000.00**;

    (g) all remaining sums payable to Morgan Stanley on account of its judgment lien against the Property.

11. This Order shall be binding upon and govern the acts of all persons or entities, including without limitation, all filing agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law to accept, file, register, or otherwise record or release any documents or instruments. The Purchaser's title company and insurer are permitted to rely upon this Order to effect a release of all liens, claims and encumbrances without the necessity of the provision or recordation of actual lien releases

provided by the respective lienholders on the Property.

12. The sale of the Property to the Purchaser under the Agreement will constitute a transfer for reasonably-equivalent value and fair consideration under the Bankruptcy Code and all applicable law.

13. The Purchaser is hereby granted and is entitled to the protections provided to a good faith purchaser under Section 363(m) of the Bankruptcy Code regardless of whether or not Section 363(m) is applicable to the sale.

14. This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Debtor and the Purchaser, and their respective successors and assigns, including without limitation, any Chapter 11 trustee hereinafter appointed for any of the Debtor's estate or any trustee appointed in a Chapter 7 case if the case is converted from Chapter 11.

15. The stay provided in Fed. R. Bankr. P. 6004(h) shall not apply and, in the absence of any entity obtaining a stay pending appeal, the Debtor and the Purchaser are free to close under the Agreement.

16. In the absence of any entity obtaining a stay pending appeal, if the Debtor and the Purchaser close under the Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protection of Section 363(m) of the Bankruptcy Code or otherwise as to all aspects of the transactions pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

17. The Purchaser is not a successor to the Debtor or his estates by reason of any theory of law or equity and the Purchaser shall not assume or in any way be responsible for any liability or obligation of the Debtor and/or his estate, except as otherwise expressly provided in the Agreement and related documents.

18. The Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and the Purchaser without further action of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to and effectuates the Agreement.

19. The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to closing.

20. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, this Order shall govern and control.

21. Since the sale of the Property is occurring pursuant to the Debtor's Plan, which was confirmed by order of this Court on April 30, 2021 at Docket No. 164, the sale of the Property is **EXEMPT** pursuant to Bankruptcy Code Section 1146(a) from any and all applicable transfer tax.

**Dated: December 22, 2021**

ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE